CASE 64—PETITION ORDINARY—FEBRUARY 5.

# Hammock, &c., vs. Baker, &c.

### APPEAL FROM UNION CIRCUIT COURT.

A judgment against a principal debtor was replevied by him, and paid by his
    sureties in the replevin bond. The surety in the original debt is not
    responsible to the sureties in the replevin bond.

GEORGE HUSTON,                                          For Appellants,

CITED—

'5 *Dana*, 110, 113 ; *Breckinridge vs. Tyler.*

7 *B. Mon.*, 591; *Whitmore vs. Goddy.*

*Rev. Stat., sec.* 8, 2 *Stanton*, 398.


S. MARBLE and

HUGHES & LOCKETT,                                      For Appellees,

CITED—

*Rev. Stat., chap.* 97, *sec.* 8.

12 *B. Mon.*, 397; *Brandenburg vs. Flynn's adm'r.*

2 *Vernon*, 603 ; *Parsons vs. Briddock.*

5 *Dana*, 244 ; *Patterson vs. Pope.*

2 *B. Mon.*, 305 ; *Kouns vs. Bank of Kentucky.*

12 *B. Mon.*, 563–578 ; *Bohannon vs. Combs.*

4 *Met.*, 247; *Havens, &c., vs. Foudry, &c.*

1 *Met.*, 252 ; *Hoskins vs. Parsons.*


CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Cartmell, the creditor, certainly had the right to coerce
the payment of his debt from R. H. Baker, the surety ;
but J. H. Wright, the principal in the debt, was the party
whose duty it was to pay it ; and, after having obtained

a judgment against him, the creditor might, with great propriety, use all lawful means to make him pay it, and thereby relieve the surety from the burden.

If judgment had been rendered against Wright, the principal, and Baker, the surety, at the same time, and the former had replevied the debt, in which the latter had refused to join, he would certainly have been under no obligation to refund to the sureties in the replevin bond what they might have been compelled to pay. (*Havens, &c., vs. Foudry, &c.,* 4 *Met.,* 247, *and authorities cited.*)

And, although Baker may have replevied the debt by a separate bond, still, as the creditor thought it best to make the debt out of the principal and his sureties on the bond executed by them, the principle is not changed, and Baker is not responsible to the sureties in the bond of Wright. He was not jointly bound with them as a co-surety, and they incurred no debt or responsibility for him or on his account.

Wherefore, the judgment is affirmed.