TRAVIS WINHAM *v.* MARIA E. CRUTCHER and others.

April Term, 1878.

DECREE ON PRO CONFESSO. — A decree cannot be taken against a defendant upon an order *pro confesso*, unless the facts stated in the bill and shown by the evidence in the record will justify it.

CHANCERY JURISDICTION AS BETWEEN CO-DEBTORS AFTER JUDGMENT AT LAW. — Even after judgment at law, where there is nothing in the record adjudging the order of liability as between the defendants, equity may inquire into that order so as to fix the rights of the debtors as between themselves, and may readjust them in a suit directed to that end.

CASE IN JUDGMENT. — The complainant became the surety of appeal from a justice's judgment at the instance of one of two defendants, who appealed in the name of both, signing the name of the other to the appeal-bond by himself as agent, and the other repudiated the act and notified the surety of the fact. *Held*, upon payment by the surety of the judgment of affirmance, that he had no equity as against such other defendant to the original judgment.

*John A. Campbell*, for complainant.
*D. Campbell*, for defendants.

THE CHANCELLOR : — On February 11, 1868, the defendant Crutcher recovered a judgment, before a justice of the peace of this county, against A. B. Shankland and J. B. Murray for $345.62. From this judgment an appeal was taken to the Circuit Court, the appeal-bond reciting that both defendants appealed, but showing that the name of Murray was signed thereto by Shankland. Complainant, Winham, signed this bond as surety. On November 9, 1868, the judgment of the justice was affirmed, and judg-

ment rendered in the Circuit Court against both defendants, and complainant as their surety of appeal. The original bill was filed on August 7, 1875, against Crutcher, Shankland, and Murray, to enjoin the collection of this judgment out of the property of the complainant on various grounds. An amended bill was filed on December 3, 1875, and thereupon, by consent, the cause was heard upon the motion of the defendant Crutcher to dismiss the original and amended bills for want of equity on their face. The motion was sustained by this court, and the bills dismissed as to the defendant Crutcher, with costs. The complainant prayed an appeal to the Supreme Court, which was granted, and the decree of this court was afterwards, on February 12, 1877, affirmed. The opinion of the chancellor, with the action of the Supreme Court, is reported in *Winham* v. *Crutcher*, 2 Tenn. Ch. 535.

The original bill being undisposed of as to the defendants Shankland and Murray, the latter, on March 1, 1877, filed an answer, and, on March 14, 1877, a cross-bill against Winham and Shankland, which he asked might be taken as an original bill against the defendant Crutcher. In this answer and cross-bill Murray sought relief, as against Crutcher, on the ground of an alleged levy of an execution, issued on the judgment of the Circuit Court, on the realty of defendant Shankland, and a subsequent abandonment of the levy; and also upon an equitable release by reason of the pointing out of property of Shankland sufficient to satisfy the execution, and the conversation and actions of the agent and attorney of the defendant Crutcher, alleged to have taken place in 1869. The answer and cross-bill of Murray also sought relief, as against complainant, Winham, upon the ground that the original liability of Shankland and Murray, on which the judgment of the justice was rendered, was as accommodation indorsers of a note of one W. R. Lucas, Shankland being the first and Murray the second indorser; that the appeal from the justice's judgment was by Shankland alone, Murray having taken no appeal, and that complain-

ant became surety of appeal at the request of Shankland, and for him alone; and that complainant was, therefore, liable to the judgment-creditor before Murray. Thereupon the complainant, on March 26, 1877, filed what he calls his second amended bill, and again enjoined the Crutcher execution. This bill goes upon the idea that the original cause was remanded to this court by the Supreme Court, and that the complainant is entitled to the defence embodied in the answer and cross-bill of Murray. This defence, as understood by the complainant, is that Murray states that an execution was issued on said judgment, and that he (Murray) went with the officer who had the execution and pointed out sufficient property of Shankland to satisfy the same, and that the officer, after some conversation with Shankland, had dismissed Murray with the assurance that Shankland had satisfied him that the execution would be paid by Shankland. The complainant admits that the record of the Circuit Court shows nothing of the kind, and no satisfaction, but suggests that, as Murray has sworn to the facts, he, complainant, ought to have the benefit of them. The bill is not a bill of review upon newly discovered facts, being deficient in the necessary averments to sustain such a bill, and having been filed without leave of the court. It is simply a second amended bill, based on the theory that the Supreme Court had remanded the previous bills for further proceedings. Upon this supposition, the defendant Crutcher moved to dissolve the injunction for want of equity on the face of the bill, which was granted on the execution of a refunding bond. Afterwards, the decree of the Supreme Court was filed, showing that the decree of this court dismissing the original and amended bills was affirmed, without any remand, and that these bills were out of court. Upon this fact appearing, I suggested to the learned counsel of the complainant that his client, having once had his day in court in regard to any equities he might have against the judgment-creditor, could not maintain a second bill for the same matter, even upon facts

not then known to him. *Lindsley* v. *Thompson*, 1 Tenn. Ch. 272; *Knight* v. *Atkisson*, 2 Tenn. Ch. 384. The justness of this suggestion was, as I understood at the time, conceded, and the learned counsel said that he had filed his bill under a misapprehension as to the extent of the decree of the Supreme Court. I understood him to add that his client had already paid the judgment, and he proposed to dismiss the bill, and I supposed an order of dismissal would be drawn accordingly. That the counsel himself supposed he had done so, appears from the opening paragraph of his client's answer to Murray's bill, the answer being drafted by the counsel, and filed on June 11, 1877. He there takes the position that Murray had no right to file a cross-bill to bills which were out of court by the decree of this court, and of the Supreme Court, and he relies upon the fact as a plea in bar to the right of Murray further to prosecute his cross-bill. The papers submitted to me do not show any dismissal of the second amended bill; but, on the contrary, they contain a memorandum of a *pro confesso* order taken as to all the defendants, including Murray. The cause is now before me upon the bills of Winham, and the answer and cross-bill of Murray, *pro confesso* as to Crutcher and Shankland, and proof.

If the second amended bill is to be treated as still pending against the defendant Crutcher upon a *pro confesso*, it cannot be maintained. If it be treated as merely an amendment of the original bills, it must share their fate. For, having been filed upon the supposition that those bills were still in court by the remand of the Supreme Court, and it now appearing that there was no such remand, there is nothing for the second amendment to attach itself to. If it be treated as an original bill, the record shows that the complainant has had his day in court already for the same matter, and cannot be heard again. And there is no pretence for sustaining it as bill of review for newly discovered matter, as before explained. Moreover, the bill concedes

that the record of the Circuit Court contradicts the supposed defence of Murray, and does not clearly show what the defence is.    The allegations of the bill cannot, as I have held, be supplemented by reference to Murray's answer and cross-bill.    A bill must be complete in itself by proper averments and exhibits attached, and cannot, by a general reference to other pleadings, make the contents of such pleadings a part thereof.    *Wells* v. *Stratton,* 1 Tenn. Ch. 328 ; *Moses* v. *Brodie,* 1 Tenn. Ch. 397.    The reference in these cases was to pleadings in another cause, but it is obvious that the rule must be the same, as between a complainant and a particular defendant, where the reference is to the pleading of another party to the same cause.

If, however, we look to the statements of Murray in his answer and cross-bill, which are referred to, it will be found that he does not say that the execution mentioned by him, and for the satisfaction of which he pointed out a sufficiency of Shankland's property to satisfy it, was a court execution.    He concedes that the defendant Crutcher had recovered two judgments before the same justice, about the same time, against Shankland and himself; one the judgment appealed from, the other for about $400.    His answer and cross-bill admit that the execution in the officer's hands may have been on the justice's judgment, and his evidence leaves not a particle of doubt that this was the fact, and that the justice's judgment was paid.    The statement in his answer and cross-bill touching this execution and the pointing out of sufficient property for its satisfaction, coupled with the complainant Winham's admission on the face of his bill that the court judgment " shows nothing of the kind," is not sufficient to sustain a decree against the defendant Crutcher upon the *pro confesso* without more, and the evidence satisfactorily establishes that the statement relates to an execution on a different judgment altogether.    The complainant's bill must, therefore, be dismissed as to the defendant Crutcher, with costs.

The cross-bill of Murray, or, more properly, his origi-- nal bill against defendant Crutcher, must also be dis-- missed, as to this defendant, with costs. The statement of that bill, upon which relief is sought upon the ground of having pointed out property sufficient to satisfy an execu-- tion in favor of defendant Crutcher, relates, as we have just seen, to an execution on another judgment, and the conversation with defendant's agent and attorney relates to the latter judgment. The further statement of the bill, touching the levy of an execution on the land of Shank-- land, and the subsequent abandonment of the levy, is as vague as the averments of Winham's original bill on the same subject, which were held insufficient to resist a motion to dismiss; nor is the only evidence offered, certified copies of deeds made by Shankland afterwards, sufficient to sup-- plement the deficiency. But a sufficient answer to the bill is, that the defendant Crutcher is not seeking to make the money out of Murray, and has actually collected the judg-- ment from Winham.

The real contest is between Winham and Murray, on the cross-bill of the latter. The facts on this branch of the case, established by the pleadings and proof, are undis-- puted. The defendant Shankland was the first accommo-- dation indorser, and Murray the second accommodation indorser, of one Lucas, on the note sued upon before the justice, and the justice's judgment was rendered against them both. The appeal was, in fact, prayed by Shankland alone, who used Murray's name for the purpose without his authority. Shankland also signed Murray's name to the appeal-bond without authority, the bond itself showing the signature to be by Shankland. The complainant, Win-- ham, became the surety of appeal at the request of Shank-- land, and, in addition to this fact, and the further fact that the form of Murray's signature was before his eyes when he signed the bond, was notified by Murray, on the first day they met afterwards, that the appeal was taken without

his knowledge or consent. These facts are admitted by Winham in his answer to the cross-bill, and in his deposition. And the question is, whether Winham, after paying the judgment of the Circuit Court, has any remedy over against the defendant Murray, under these circumstances.

It has long been settled in this state, in accordance with a general principle of equity law, that a surety may, after a judgment at law against his principal and himself, and when the fact of suretyship does not appear on the face of the judgment, come into a court of chancery for relief upon a ground growing out of the relation of principal and surety. *Love* v. *Allison*, 2 Tenn. Ch. 115, and cases there cited. The same doctrine has been extended to an accommodation indorser. *Coles* v. *Anderson*, 8 Humph. 489. So, any person interested may aver and prove that a stayor became bound at the request of the principal debtor, where the judgment was against the principal and surety, so as to render him liable before the surety. *Chaffin* v. *Campbell*, 4 Sneed, 184; *Woodward* v. *Walton*, 7 Heisk. 53. It is clear, therefore, that even after judgment at law, where, as between defendants, there is nothing to show the order of liability, equity may inquire into that order, so as to fix the rights of the debtors as between themselves. And, even if the order of liability is fixed by the judgment at law as between the creditor and debtors, equity may, nevertheless, inquire into and change it, if necessary to the attainment of the ends of justice. The reason is, that the object of the suit at law is only to fix the common liability of the defendants to the creditor, and not to ascertain the relative rights of the defendants as between themselves, and it is no contradiction of the record to readjust the rights of these defendants in a suit in equity directed to that end. *Chrisman* v. *Harman*, 5 Reporter, 573; *Russell* v. *Place*, 94 U. S. 606. The case of *Coles* v. *Anderson*, 8 Humph. 489, is directly in point. There, a judgment was recovered against the maker and indorser of a note. The maker appealed,

using the indorser's name in the appeal and causing it to be signed, by the attorney, to the appeal-bond. The surety of appeal signed the bond at the request of the maker. The judgment was affirmed by the Supreme Court against both maker and indorser as principals, and the surety of appeal as the surety of both. The indorser filed his bill to hold the surety liable before him, and relief was granted accordingly. I am unable to see any distinction between that ·case and the one before us. Under the circumstances of this case, Winham has no equity as against Murray. On the contrary, the latter would perhaps be entitled, if forced to pay the debt, to be subrogated to all the rights of the judgment-creditor against Shankland and his surety of appeal. *Parsons* v. *Briddock*, 2 Vern. 608 ; *Wright* v. *Morley*, 11 Ves. 22 ; *Hammock* v. *Baker*, 3 Bush, 208.

The defendant Murray is, therefore, entitled to make the injunction heretofore granted perpetual, and to costs.