## RUSSELL v. PLACE.

1. A judgment of a court of competent jurisdiction, upon a question directly in volved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject-matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.

2. In an action at law for damages for the infringement of a patent for an alleged new and useful improvement in the preparation of leather, which patent contained two claims, one for the use of fat liquor generally in the treatment of leather, and the other for a process of treating bark-tanned lamb or sheep skin, by means of a compound composed and applied in a particular manner, the declaration alleged, as the infringement complained of, that the defendants had made and used the invention, and caused others to make and use it, without averring whether such infringement consisted in the simple use of fat liquor in the treatment of leather, or in the use of the process specified. Held, that the judgment recovered in the action does not estop the defendant in a suit in equity by the same plaintiff, for an injunction and an accounting for gains and profits, from contesting the validity of the patent, it not appearing by the record, and not being shown by extrinsic evidence, upon which claim the recovery was had. The validity of the patent was not necessarily involved, except with respect to the claim which was the basis of the recovery: a patent may be valid as to a single claim, and invalid as to the others.

3. If, upon the face of a record, any thing is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence.

APPEAL from the Circuit Court of the United States for the Northern District of New York.

*Mr. Horace E. Smith* for the appellant.

*Mr. T. L. Wakefield, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit for an infringement of a patent to the complainant for an alleged new and useful improvement in the preparation of leather, and is similar in its general features to the suit of the complainant against Dodge, 93 U. S. 460. It is submitted upon substantially the same testimony, and pre-

sents, with one exception, the same questions for determination. That exception relates to the operation, as an estoppel against setting up the defences here made, of a judgment recovered by the complainant against the defendants in an action at law for the infringement of the patent.

The bill of complaint sets forth the invention claimed, the issue of a patent for the same, its surrender for alleged defective and insufficient description of the invention, its reissue with an amended specification, and the recovery of judgment against the defendants for damages in an action at law for a violation of the exclusive privileges secured by the patent.

The bill then alleges the subsequent manufacture, use, and sale by the defendants, without the license of the patentee, of the alleged invention and improvement, and prays that they may be decreed to account for the gains and profits thus acquired by them, and be enjoined from further infringement.

The answer admits the issue of the patent, its surrender and reissue, and, as a defence to this suit, sets up in substance the want of novelty in the invention, its use by the public for more than two years prior to the application for the patent, and that the reissue, so far as it differs from the original patent, is not for the same invention. The answer also admits the recovery by the complainant in the action at law of the judgment mentioned, but denies that the same issues were involved or tried in that action which are raised in this suit.

The action at law was brought in the Circuit Court of the United States for the Northern District of New York, in the ordinary form of such actions for infringement of the privileges secured by a patent. The defendants pleaded the general issue, and set up, by special notice under the act of Congress, the want of novelty in the invention, and its use by the public for more than two years prior to the application for a patent. The plaintiff obtained a verdict for damages, upon which the judgment mentioned was entered; and this judgment, it is now insisted, estops the defendants in this suit from insisting upon the want of novelty in the invention patented, and its prior use by the public, and also from insisting upon any ground going to the validity of the patent which might have been availed of as a defence in that action, and, of course, upon the

want of identity in the invention covered by the reissue with that of the original patent.

It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, — as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, — the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.

Thus, in the case of the *Washington, Alexandria, & Georgetown Steam-Packet Company* v. *Sickles*, reported in the 24th of Howard, a verdict and judgment for the plaintiff in a prior action against the same defendant on a declaration, containing a special count upon a contract, and the common counts, was held by this court not to be conclusive of the existence and validity of the contract set forth in the special count, because the verdict might have been rendered without reference to that count, and only upon the common counts. Extrinsic evidence showing the fact to have been otherwise was necessary to render the judgment an estoppel upon those points.

When the same case was before this court the second time, *Packet Company* v. *Sickles*, 5 Wall. 580, the general rule with respect to the conclusiveness of a verdict and judgment in a former suit between the same parties, when the judgment is used in pleading as an estoppel, or is relied upon as evidence, was stated to be substantially this : that, to render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined, — that is, that the verdict in the suit

could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter.

Tested by these views, the question presented by the plaintiff in this case, upon the effect as evidence of the verdict and judgment in the action at law, is of easy solution. The record of that action does not disclose the nature of the infringement for which damages were recovered. The declaration only avers that the plaintiff was the original and first inventor of a new and useful improvement in the preparation of leather, and that he obtained a patent for the same, and, on its surrender, a new patent, with an amended specification, without describing with other particularity the nature and operation of the invention; and alleges, as the infringement complained of, that the defendants have made and used the invention, and have caused others to make and use it. The patent contains two claims: one for the use of fat liquor generally in the treatment of leather, and the other for a process of treating bark tanned lamb or sheep skin by means of a compound composed and applied in a particular manner. Whether the infringement for which the verdict and judgment passed consisted in the simple use of fat liquor in the treatment of leather, or in the use of the process specified, does not appear from the record. A recovery for an infringement of one claim of the patent is not of itself conclusive of an infringement of the other claim, and there was no extrinsic evidence offered to remove the uncertainty upon the record: it is left to conjecture what was in fact litigated and determined. The verdict may have been for an infringement of the first claim; it may have been for an infringement of the second; it may have been for an infringement of both. The validity of the patent was not necessarily involved, except with respect to the claim which was the basis of the recovery. A patent may be valid as to a single claim and not valid as to the others. The record wants, therefore, that certainty which is essential to its operation as an estoppel, and does not conclude the defendants from contesting the infringement or the validity of the patent in this suit.

The record is not unlike a record in an action for money had

and received to the plaintiff's use. It would be impossible to affirm from such a record, with certainty, for what moneys thus received the action was brought, without extrinsic evidence showing the fact; and, of course, without such evidence the verdict and judgment would conclude nothing, except as to the amount of indebtedness established.

According to Coke, an estoppel must " be certain to every intent; " and if upon the face of a record any thing is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence. See *Aiken* v. *Peck*, 22 Vt. 260, and *Hooker* v. *Hubbard*, 102 Mass. 245.

*Decree affirmed*

Mr. Justice Clifford dissented.