WOOD (VAN HOOK v.). See Cases Nos. 16,-854 and 16,855.

---

## Case No. 17,965.

### WOOD v. WARD.

[24 Int. Rev. Rec. 180; 6 Am. Law Rec. 675.]

Circuit Court, S. D. Ohio. April Term, 1878.

SLAVERY—PRESUMPTION OF FREEDOM—STATUTE OF LIMITATIONS — ABSENCE FROM STATE — DURESS—RES JUDICATA.

[1. Freedom, being the natural right of man, and the constitution of Ohio declaring that all men are born equally free, and that servitude shall not exist in the state, the presumption is that a person who has for several years resided in Ohio is free.]

[2. Where a cause of action arose in Ohio, and immediately afterwards plaintiff, while temporarily in another state, was seized and imprisoned, sold into slavery, and carried into another state, held, that if, upon emancipation, she returned to Ohio as soon as she could, and if, during her absence, she did not reside in the same states with the defendant, the statute of limitations did not commence to run against her until her return to the state.]

[3. Under the Ohio statute, if, when a cause of action accrues against a person, he is out of the state, the period of limitation does not begin to run until he comes into the state.]

[4. In order to set the statute to running in favor of a defendant, who was out of the state when the cause of action accrued, his coming into the state must either be of a permanent character, or, if not so, it must be brought to plaintiff's knowledge; or, if not, then his stay must be of such a nature that plaintiff by ordinary reasonable diligence can ascertain it.]

[5. The statute of limitations of a state does not run against one who, immediately upon coming within the state, is cast into prison, and detained there during her stay.]

[6. An adjudication by a court of one state against a plaintiff in an action to establish her right to freedom, after being imprisoned as a slave, does not preclude a court of another state, in a subsequent action for damages for abduction and the value of services while held as a slave, from examining the question whether the first suit was in fact brought by the plaintiff herself, or by some other persons in her name and without her knowledge or consent.]

Fayette Smith and H. G. Collins, for plaintiff.

E. M. Johnson, for defendants.

SWING, District Judge. The plaintiff [Henrietta Wood] in her petition alleges that in 1853 she was a free woman; that defendant deprived her of liberty, and caused her to be kidnapped and delivered to himself in the state of Kentucky, who, well knowing that she was a free woman, kept her in slavery for seven months, and then delivered her to a slaveholder, by whom she was taken into Mississippi, who did thereafter sell her to one Charles Brandon, who imprisoned her and forced her to labor for fifteen years. That by reason of her wrongful selling she was deprived of her time and labor for fifteen years, and her services for said time were worth at least $500 per year, and during all of said time was treated as a slave, with great hardship and oppression. That by reason of the premises she was prevented from returning to Cincinnati, and that she returned as soon as she could do so, and that she has sustained damages to the amount of $20,000, for which she asks judgment, with interest. The defendant, for answer, says: First, that he denies the allegations; second, that the cause of action did not accrue within one year; third, that it did not accrue within four years; and fourth, that it did not accrue within ten years; fifth, that when the cause of action accrued plaintiff was a resident of Kentucky, and defendant was, and ever since has been and still is, a resident of Kentucky; that the cause of action accrued in Kentucky; that by the laws of Kentucky the action was barred in one year if an injury to her, or for arrest of her person; if not for such injury, then it was barred in five years. The answer also sets up the record of the proceedings and judgment in a suit between plaintiff and defendant in the Fayette circuit court of Kentucky.

The plaintiff, by reply, denies that she was a resident of Kentucky, but was a resident of Ohio, and denies that the cause of action accrued in the state of Kentucky; that she had no knowledge of the matter contained in the action; that she was held unlawfully in prison, and was not permitted to be present at, or be informed of said proceedings; that the petition claimed to have been filed by her was not filed by her, nor by her procurement; that she was kept in close restraint and in fear of personal injury, and had no control over, and took no part in, said proceedings, and that said judgment is not a bar to present action.

To entitle the plaintiff to recover the evidence must satisfy your minds that at the time of the alleged injury she was a free woman, and that the defendant caused her to be kidnapped from her home in Cincinnati and delivered to him in Kentucky, and that he sold her into slavery. Freedom being the natural right of man, and the constitution of the state of Ohio declaring that all men are born equally free, and that servitude shall not exist in the state, if the evidence satisfies you that the plaintiff at the time of the alleged violation of her rights was, and had been for several years a resident of Ohio, the presumption is that she was a free woman. This presumption would, however, be rebutted by showing that by the laws of Kentucky she was a slave and was in Ohio without the consent of her owner. If, however, she was by the laws of Kentucky a slave, and belonged to Mrs. Cirod, who brought her into Ohio and manumitted her, she thereby became a free woman. Or if she belonged to Mrs. Cirod for life, and after the death of Mrs. Cirod to the heirs of Mr. Cirod, and if by their consent she was brought to Ohio and a deed of manumission executed to her, and recorded, she became a free woman. If she came to Ohio without the consent of her owner, or was brought here without his consent, she did not thereby become free.

If you find from the evidence that the plaintiff was a free woman, and the defendant caused her to be kidnapped or abducted, she will be entitled to your verdict, unless some of the defences set up by defendant defeat her recovery. If the plaintiff was not a free woman, or if the defendant did not cause her to be kidnapped, she will not be entitled to your verdict.

The view which I take of the law renders wholly unnecessary any extended remarks on these pleas. This action has, perhaps, more of the elements of false imprisonment than any other. It would seem, therefore, that the action is one under section 16, which requires the action to be brought in one year. The cause of action accrued to the plaintiff in Ohio. The 19th section of the statute provides that if any person entitled to bring an action except for penalty or forfeiture, be, at the time the cause of action accrued, imprisoned, such person shall be entitled to bring such action within the respective times after the disability has been removed. If upon her release from imprisonment she returned to Ohio as soon as she could do so, and if, during her absence, she did not reside in the same state with the defendant, the statute would not commence to run until she was in the state of Ohio. There is also another saving in the statute

which provides that, if when a cause of action accrues against a person, he be out of the state, the period limited for the commencement of the action shall not begin to run until he comes into the state; and if after the cause of action accrues, he departs from the state, the time of his absence shall not be computed as any part of the period within which the cause must be brought. If, therefore, you find from the evidence that at the time this right of action accrued the defendant was out of the state, the statute of limitation did not commence to run against plaintiff until after the return of the defendant into the state.

As to what constitutes coming into the state there is a diversity of opinion between judges who have been called upon to pass upon this question. The view that I take of it is this, that the coming into the state must have either been of a permanent character, or if not so, it must have been brought to the knowledge of the plaintiff, or if not brought to the knowledge of the plaintiff, the stay must have been of that nature that the plaintiff by ordinary reasonable diligence could have ascertained it. If, therefore, the defendant came into the state for the purpose of residing here, and making this his permanent residence, the statute began to run from the time he came; if he came in for temporary purposes, and it was brought to the knowledge of the plaintiff that he was in the state, then the statute would begin to run from that period; or if his stay in the state was of that general nature and character, that the plaintiff, taking into consideration all the circumstances that surrounded her ought to have ascertained that the party was in the state, then it would commence to run from that period.

But if on the other hand there was no permanent residence in the state, and the stay merely temporary, and was not brought to the knowledge of plaintiff and not of that open character which the plaintiff by reasonable inquiries could have ascertained the existence of, then the statute did not run against her. The allegation in the petition is that she came to the state of Ohio in 1869 and the action was brought in 1871.

The remarks I made apply to the party coming into the state. If the party was in the state at the time the action accrued, then the statute provides that if after that period he should move out of the state, or go out of the state, that the time which elapses while out of the state should not be counted in the time in which the bringing of the action is limited. If the action had accrued, and before the expiration of one year the party had gone or was out of the state, then such time as he was out of the state did not run against the plaintiff. As far as the statute of limitation of Kentucky is concerned, the party undoubtedly could have brought her action in the state of Kentucky, had she been there at that time and under

no disability, and had she not done so, and the statute of one year had elapsed without her bringing suit, she would be barred from maintaining the action against the defendant. But if, on the other hand, she was under duress by the defendant's procurement, placed in prison, and kept in prison, the statute of limitation could not run against her. Particularly, as the right of action originated in the state of Ohio, it was a continued wrong, for which she might have brought suit in Kentucky.

The seventh and last defence by the defendant is that heretofore, to wit, on the 10th day of June, 1853, in Fayette county, Kentucky, the plaintiff filed her petition against this defendant, claiming therein that she was a free woman, that she had been induced by one Rebecca Boyd to visit the state of Kentucky, that said Boyd had sold her to this defendant . . . and prayed that her freedom might be allowed her, etc. The judgment in said case was for the defendant, and the court dismissed plaintiff's petition, which judgment was afterward affirmed by the court of appeals. The reply to that part of the answer is, that the defendant caused the plaintiff, by violence, to be abducted from her residence in Cincinnati, and brought into the state of Kentucky; that during the time said alleged proceedings were pending, plaintiff continued unlawfully in prison and in duress, at the instance of and by the procurement of defendant; that she was kept in close confinement; that she was not present at such proceedings and had no knowledge of them. The plaintiff, in her reply, further denies that she filed the petition, or that it was filed by her procurement. This raises the direct question of fact upon which you are called upon to pass, from the evidence in the case. If these proceedings were not instituted by her or by her procurement, then it is a nullity as far as she is concerned, and the recital of any fact in the record will not affect this record, and it goes for naught. So that the first question to be determined by you is, from all the facts and circumstances, was this action in the state of Kentucky instituted by this woman or by her procurement, or was it simply instituted by friends who volunteered in her behalf without her knowledge or consent?

These are questions for you to determine from the evidence in the case. If, as I said before, these proceedings were not instituted by her, then the record of that trial goes for naught. If, however, it should be found that it was brought by her procurement, and she was in such a condition that she could assent to it, and understood what was going on, then she would be bound by it. If you should find the latter, then the question arises, what is the force and effect of this record? Article 4, § 1, of the constitution of the United States, provides, "That full faith and credit shall be given in each state to the public acts, records and

judicial proceedings of every other state, and the congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and the effects thereof." In Collins v. America, 9 B. Mon. 571, the court of appeals of Kentucky says: "If the law and courts of Ohio will determine the condition of the slave while in that state, they can not, by their own force, determine what shall be his condition when beyond their control. And when he returns to a state where he has been held as a slave, it is for the law of that state to determine whether he is entitled to the benefit of the foreign law and to the jurisdiction which he might claim. Then whatever may have been the effect of the decision in Ohio concerning the plaintiff's freedom, on said trial, it has no operation here except so far as our laws give them effect." The same doctrine is held by the same court in Maria v. Kirby, 12 B. Mon. 542. I would not have the slightest hesitation in saying that whether it be upon a question of freedom or slavery, if that question has been fully determined by a tribunal which had jurisdiction of the parties and subject matter I would be compelled to give that adjudication as full credit, as if made in a free state. If it shall be found that this proceeding was by this woman's procurement, what is the effect of this record and this adjudication? The question has been recently before the supreme court of the United States, and in two very clear and learned opinions delivered by Justice Field the question of the effect of the judgment between parties in another and different cause is clearly stated. Cromwell v. County of Sac [96 U. S. 51]; Russell v. Place [94 U. S. 606]. What, then, is this action? Is this action for the purpose of recovering or establishing the freedom of this party? It is not, certainly; it is an action brought by the plaintiff against the defendant for personal wrongs and injuries inflicted, as she alleges, by him upon her, to wit: The abduction and the servitude of fifteen years. If that is so, it comes clearly under the doctrine of the second case cited. . . . Therefore the condition which the parties sustained before this tribunal, under the rulings of the supreme court, as to the facts that gave jurisdiction is open for investigation. For instance, as I said before, whether this person brought this suit, whether it was brought by her actually or by some one for her by her assent or by her procurement, are matters which are to be determined by the jury. If the jury find that the court had jurisdiction of the parties, what does the record show was determined by the court between them? What were, in fact, the issues? I think this record puts in issue the fact of her residing in Cincinnati, and also puts in issue the fact of the purchase. They all bear, however, upon the question of the freedom of this woman. The parties having been before that court, and the question having

been determined by that court as to whether she was in fact a free woman, if she was properly before the court and brought this action, or had it been brought by her or by her procurement, or she knowing what it was, assented to it, then she would be bound by it, and the parties in this case would be concluded by the finding of that court. But if, on the other hand, as she claims, this was not brought by her or she did not assent to it, she would not be bound. Some question is made as to whether this decree is upon the merits of the case; there can be no doubt about it.

Gentlemen of the jury, if you find for the plaintiff you will assess such damages as you think the testimony warrants you in assessing against him. Fortunately for this country the institution of slavery has passed away, and we should not bring our particular ideas of the legality or morality of an institution of that character into court or the jury box in assessing penalties upon those who may have been connected with it. No doubt many of them regret its existence as much as any of us. But its history has been written, and it is never again to be reinstated upon this continent. While that is so, the plaintiff, if she has established her case, has the right to recover from the defendant a fair compensation for the injury sustained.

The jury returned a verdict for the plaintiff for $2,500.

[For opinion on motion for new trial, see Case No. 17,966.]