## MERCHANTS' INTERNATIONAL STEAM-BOAT LINE *v.* LYON.

*(Circuit Court, D. Minnesota.   May, 1882.)*

1. PLEADING—FORMER JUDGMENT AS AN ESTOPPEL.

> Where a judgment of record in a former suit is pleaded as an estoppel, which does not on its face show that the verdict was rendered upon the same issues as those in the suit on which it is pleaded, evidence *aliunde* is required to prove that the precise point involved was submitted to the jury.

2. SAME—FORMER JUDGMENT AS A BAR—PROOF ALIUNDE.

> Where the answer of the defendant sets up the same defence as the answer in the former suit, admissions by counsel, in connection with the offer of the record as evidence, that testimony upon both defences of the former action was admitted and went to the jury, relieves the uncertainty in the record, and shows that the question raised by the pleadings in the present suit was litigated and determined in the former suit.

This suit is brought upon three promissory notes, aggregating the sum of $2,300. The defendant is the maker, and they were made payable to the order of A. G. B. Bannatyne, and by him indorsed and delivered to the plaintiff. Before the commencement of this suit the State National Bank of Minneapolis brought an action upon these promissory notes, claiming to be holder and owner thereof, which was tried in this court, and a verdict rendered for defendant and judgment entered. The judgment record is pleaded in the defendant's answer as a bar to a recovery by the plaintiff. The answer in the former case of *Bank* v. *Lyon* sets up two defences, one of which was that the notes were given without consideration, and testimony was offered and submitted to the jury tending to support both defences, and a general verdict was found for the defendant. The answer of the defendant in the present action sets up the same defences presented by the answer in the former suit, including the one alleging that the notes were given without consideration; and for a further defence sets up the verdict and judgment obtained

in the former suit as a bar to a recovery by this plaintiff. After the plaintiff had offered on the trial the notes in evidence, it rested, whereupon the plaintiff admitted that testimony was offered and submitted to the jury in the former suit tending to support both defences set up in the answer, and the defendant offered in evidence the judgment record in that suit, which was admitted under the objection of the plaintiff. The defendant offered no further evidence, but asked the court to charge the jury that the former suit and judgment, and the record thereof, was a bar to the present suit, and that the defendant was entitled to a verdict in his favor. The court charged the jury that as the case stood the said former suit was a bar to a recovery by the plaintiff in this action, and that the jury must find a verdict for the defendant, and under the charge and instructions the jury so found a verdict. Motion is made for a new trial.

*Bigelow, Flandrau & Squires,* for plaintiff.

*C. K. Davis* and *R. B. Galusha,* for defendant.

NELSON, D. J. The plaintiff asserts that the court erred in laying down the proposition that where two defences are set up in an answer, and evidence is submitted to a jury upon a trial of the action tending to support both defences, and a general verdict rendered for defendant, such verdict and judgment is a bar in another action upon the same demand.

The plaintiff's counsel has cited many cases in his brief to sustain the proposition that the general verdict, and judgment which followed, was not a bar; but an examination of them shows that in nearly all the judgment alone, without explanatory evidence, or any admission as to what the facts litigated were, was offered and claimed to be of itself an estoppel.

If the offer of the record in evidence in the former action had not been accompanied by the admission that testimony was submitted to sustain both defences, or evidence *aliunde* given tending to prove that fact, these authorities might be applicable. In this case the presumption is that the jury passed upon all the issues made in the former action, and that they considered the evidence introduced relative to both defences, and the record is conclusive.

It is impossible to show *aliunde* that the verdict was found upon one and not both defences without inquiring into the secret deliberations of the jury, which is not admissible. It is only necessary for the defendant, who relies upon the record in a former action as a bar, to go into evidence *aliunde* to prove such a particular question was actually controverted and submitted to the jury, and that the verdict

was such as to show that they passed upon it, when such fact does not appear upon the face of the record. This evidence was supplied by the admission of the plaintiff on the trial, and made the estoppel effectual.

The case of *Russell* v. *Place*, 94 U. S. 606, is cited by the plaintiff's counsel as settling in his favor the legal effect of the record in the former suit. I do not so understand the opinion. In that case a bill was filed to recover for the infringement of a patent. The complaint sets forth the invention and the issue of the patent, and a recovery of a judgment for damages against the defendants, in an action at law for a violation of the patentee's rights, and alleges the infringement of the patent by defendants, and asks for a decree. The answer sets up as a defence the want of novelty in the invention, and admits the recovery by the complainant in the action at law of the judgment set up, but denies that the same issues were involved or tried in that action which are raised here. The action at law was in the usual form of such actions for infringement of secured privileges. The defendants pleaded the general issue, and set up by special notice, under the act of congress, the want of novelty in the invention. The plaintiff obtained a verdict for damages, upon which the judgment mentioned in the bill filed was entered, and which it is claimed estops the defendants from insisting upon the want of novelty in the invention. No extrinsic evidence was offered to show that testimony was submitted to the jury upon the question of the novelty of the invention in the action at law, but the record alone was relied upon. which did not show it, as a bar to the defence of want of novelty.

The court announced the rule which had on many previous occasions been followed, to-wit: That a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to give this effect to the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.

Applying the rule thus announced, it appears that the judgment record in the former action, pleaded as an estoppel in this suit, did not, upon its face, show that the verdict was rendered upon the same issue now tendered and to make the record operate as an estoppel evidence *aliunde* was necessary to prove that the precise point involved was submitted to the jury. The admission by counsel, in connection with the offer of the record as evidence, that testimony upon

both defences was admitted and went to the jury, relieves the uncertainty in the record, and shows that the question raised by the pleadings in this suit was litigated and determined in the former action.

It is true, the plaintiff in this action was not a party to the former suit, but his privity with the plaintiff in the former action is not doubtful. Both plaintiffs claimed through Bannatyne, the payee and first indorser.

Motion for new trial denied.

McCRARY, C. J., concurs.