Fife, late Sheriff, etc., *v.* Bohlen.

*(Circuit Court, W. D. Pennsylvania. January 21, 1885.)*

**1. Sheriff's Sale—Action by Sheriff after Term to Recover Difference between Bid and Price on a Resale.**

A sheriff may bring suit more than two years after the expiration of his official term to recover the difference between a bid made by the defendant and the price at which the property was resold, upon his default to pay, and such suit is not barred by a statute which limits to that period the bringing of suits against the sheriff.

**2. Same—General Appearance—Foreign Attachment.**

To a suit commenced by writ of foreign attachment the defendant caused a general appearance to be entered, and pleaded to the merits. *Held,* that it was too late at the trial to question the jurisdiction of the court over him.

**3. Same—Sheriff's Return.**

In an action against a purchaser at sheriff's sale to recover upon his bid, the sheriff's return is only *prima facie* evidence against the defendant.

**4. Same—Authority of Attorney.**

A letter of attorney constituting one an attorney to collect debts, and bring and prosecute suits therefor, and to appear for his principal in and defend against all actions which may be brought affecting in anywise his property and rights, does not authorize the attorney to bid for his principal at a sheriff's sale of real estate against which the principal holds a mortgage.

**5. Same—Estoppel—Principal Denying Attorney's Authority.**

The principal is not estopped from contesting the authority of his attorney to make such bid by reason of an unsuccessful application in his behalf made by the attorney to the court from which the execution issued, to set aside the resale of the property which the sheriff made, upon the default in the payment of said bid.

In pursuance of written stipulation this case was tried by the court without the intervention of a jury. The following facts are, therefore, found by the court:

(1) By authority and direction of a writ of *venditioni exponas,* No. 64, July term, 1878, issued out of the court of common pleas No. 2 of Allegheny county, Pennsylvania, *sur* judgment No. 638, November term, 1874, which J. T. Stockdale, trustee, etc., had obtained in said court against Jake Hill, R. H. Fife, the plaintiff in this action, who was the then sheriff of said county, did, on Friday, July 5, 1878, expose at public sale a tract of land situate in Leet township, in said county, and more particularly described in the writ, and knocked the same down to P. R. Bohlen, the defendant in this action, upon a

bid of $7,500, made in his name by Archibald Blakeley, Esq., an attorney at law of said court. The terms of the sale were not complied with in this: that the purchase money was not paid, in whole or part, conformably to the conditions of sale, and therefore, pursuant to those conditions, at a regularly adjourned sheriff's sale, on Saturday, July 6, 1878, the sheriff again exposed said land at public sale, and sold the same to A. C. Patterson, Esq., for the sum of $50.

(2) The return of the said sheriff to the judges of the said court of common pleas, made to said writ of *venditioni exponas* and indorsed thereon, is in the words and figures following, to-wit:

"Property advertised for sale for the first Monday of July, A. D. 1878, at 10 o'clock A. M., at the court-house, city of Pittsburgh; then had a bid for the same, to-wit, the sum of fifty dollars; then adjourned the sale of the same until the following Friday of said week, July 5, A. D. 1878, at 10 o'clock A. M., in the court-house, city of Pittsburgh, and then and there sold the same to P. R. Bohlen, for the sum of seventy-five hundred dollars; and the said purchaser having failed to comply with the terms of sale and pay the purchase money, or any part thereof, I did again, on Saturday, July 6, 1878, at 2 o'clock P. M., at the same place, expose the within described premises to sale, and there sold the same to A. C. Patterson, Esq., for the sum of fifty dollars, which sum I have applied to the costs on this writ.

"So answers    R. H. FIFE, Sheriff."

(3) On the second day of January, A. D. 1875, the said P. R. Bohlen executed and delivered to the said Archibald Blakeley a written power of attorney, (which said Blakeley held at the time of said sheriff's sale,) of which the following is a copy, to-wit:

"Know all men by these presents, that I, P. R. Bohlen, do hereby constitute and appoint Archibald Blakeley, attorney at law, of Pittsburgh, Pennsylvania, my true and lawful attorney, for me and in my name, to demand, receive, and receipt for any and all moneys coming to me in the county of Allegheny, Pennsylvania, and to commence and prosecute in my name all suits and actions at law or in equity necessary in his opinion for the collection of the same, and to appear for me and defend against all actions at law or in equity, or otherwise, which may be brought in said county, affecting my property and rights in any manner whatever; hereby ratifying and confirming all that my said attorney has heretofore done and shall hereafter do for me in the premises.

"In witness whereof, I have hereunto set my hand and seal the second day of January, A. D. one thousand eight hundred and seventy-five.

"P. R. BOHLEN. [Seal.]

"Sealed and delivered in the presence of
    "JOSEPH MONKS."

This power of attorney was not recorded.

(4) Said P. R. Bohlen held a mortgage in excess of $7,500 against said land, and when it was advertised at sheriff's sale Blakeley found standing against Hill an unsatisfied judgment in favor of one Dillenbaugh, which was anterior in date to the mortgage, and upon which, according to the court record, there was due an unpaid balance of $50. In fact, however, this balance had been paid several months before, to Blakeley himself, who had receipted the sheriff's docket therefor; but this fact had escaped his recollection, and he bid at the sheriff's sale under the belief that the Dillenbaugh judgment was an existing lien and a prior incumbrance to the Bohlen mortgage, and, consequently, that the sheriff's sale would divest the lien of the mortgage. Conceiving it to be his duty so to do, he bid on the property in the name of Bohlen, expecting to have a special return made in favor of Bohlen as a lien-

creditor purchaser under the act of April 20, 1846. But the Dillenbaugh judgment having in fact been paid in full, the sheriff's sale did not discharge the Bohlen mortgage.

(5) On the morning of Saturday, July 6, 1878, Blakeley procured duly-authenticated certificates of liens from the proper records, showing the Dillenbaugh judgment to be unsatisfied, and that Bohlen was entitled to a special return under the act of assembly, and presented the same to J. C. O'Donnell, a clerk in the sheriff's office, and arranged with him for paying the costs the first of the succeeding week, and having a special return prepared. But later on the same morning, and before the second sale took place, Blakeley was informed that A. C. Patterson, Esq., the attorney having control of the writ, claimed that the Dillenbaugh judgment was paid, and the sheriff, also, then notified Blakeley that the Bohlen bid must be paid, or, at least, 10 per centum of it, otherwise the property would be resold at the adjourned sheriff's sales, at 2 o'clock P. M. of that day, (July 6, 1878.)

(6) On July 20, 1878, said Blakeley presented to the court of common pleas his affidavit setting forth the sheriff's sale on his bid to Bohlen; that Bohlen, as lien creditor, was entitled to the proceeds of sale, and a special return; and that affiant had furnished the sheriff's deputy with certified lists of liens, showing Bohlen's right, but the sheriff, nevertheless, had refused to accept the costs, and a receipt, and had put up the property a second time, and sold it to A. C. Patterson for $50; wherefore, Blakeley, as attorney for Bohlen, moved the court to set aside the sale to A. C. Patterson. Thereupon the court granted the following rule: "And now, July 20, 1878, the foregoing affidavit and motion presented in open court, whereupon the court grant a rule to show cause why this sheriff's sale to A. C. Patterson should not be set aside." Subsequently, to-wit, on January 29, 1881, after a hearing, the court discharged said rule.

(7) Archibald Blakeley had no authority to make the aforesaid bid of $7,500 for P. R. Bohlen at the sheriff's sale aforesaid, unless it was conferred upon him by the power of attorney hereinbefore recited and set forth in finding numbered 3, and he made said bid under and by virtue of that power of attorney.

(8) The plaintiff's term of office, as sheriff of Allegheny county, expired the first Monday of January, 1879.

(9) The use plaintiffs named in the amended *narr.*, at the dates of the aforesaid sheriff's sales, were judgment lien creditors of Jake Hill to an aggregate amount in excess of $7,500; and they still so remain.

*Magnus Pflaum* and *J. M. Stoner*, for plaintiff.

*A. Blakeley*, for defendant.

ACHESON, J. This is an action brought by R. H. Fife, late sheriff of Allegheny county, against P. R. Bohlen, to recover the difference between the sum at which certain real estate was struck down to the defendant at a sheriff's sale, and the price which the property brought on a resale made in consequence of his alleged default. The action was commenced more than two years after Fife's official term as sheriff expired, and this, it is claimed, is an obstacle to the maintenance of the suit. But it cannot be doubted that an ex-sheriff may sustain such action, especially in a case like the present, where he sues for the use of lien creditors of the defendant in the execution under which he made the sales in question. Nor is there any Pennsylvania statute which limits the bringing of such action to two years after the expiration of the sheriff's official term. Such effect is not

to be imputed to the act which (it is supposed) fixes such limitation to suits against the sheriff.

The defendant is a citizen of the state of Tennessee, and was not within the Western district of Pennsylvania at the institution of the action, which was commenced by writ of foreign attachment; but the defendant voluntarily entered a general appearance and pleaded to the merits, and therefore it was too late for him at the trial to question the jurisdiction of the court over him. *Toland* v. *Sprague,* 12 Pet. 300.

The sheriff's return, while *prima facie* evidence in this action against the defendant, is not conclusive upon him, (*Hyskill* v. *Givin,* 7 Serg. & R. 368; 1 Whart. Ev. § 833*a;*) and hence we are at liberty to consider the facts *dehors* the return found by the court. The defendant did not personally bid; but Archibald Blakeley, Esq., assuming to act in his behalf, made the bid in the defendant's name, upon which the sheriff knocked down the property to him. In so doing, Mr. Blakeley acted under a serious misapprehension. Forgetting that a judgment of a date anterior to a mortgage the defendant held against the property, although unsatisfied of record, had in fact been paid to Mr. Blakeley himself, he made the bid, supposing that the sale would divest the mortgage. But that judgment being satisfied in fact, and the sale being on a lien junior to the mortgage, the purchaser took subject to the mortgage. Hence, while Mr. Blakeley's bid was $7,500, that made by Mr. Patterson, the purchaser at the resale, was $50 only.

Now, whether or not the mistake of fact, under which the bid here was made, would of itself be an available defense to this action, it is not necessary to determine; for, as it seems to me, there lies back of that mistake a complete defense in Mr. Blakeley's want of authority to bid at all for the defendant. His only warrant was the letter of attorney under which he assumed to act. By that instrument he was constituted the defendant's attorney to collect debts, and commence and prosecute suits therefor, and to appear for the defendant in, and defend against, all actions at law or in equity, or otherwise, which might be brought affecting in anywise his property and rights. Surely, the purchase of real estate was not within the scope of these designated powers. Besides, in this particular transaction, Mr. Blakeley was neither prosecuting nor defending any action in behalf of this defendant. Bohlen was a stranger to the execution in the hands of the sheriff, and the sheriff's sale did not in any manner concern him, or affect his rights as mortgagee. But had the effect of the sheriff's sale been to divest the lien of the mortgage, and turn the defendant over to the proceeds of sale, still Mr. Blakeley would have lacked authority to bind him by bidding in his name on the property. The powers conferred upon Mr. Blakeley were not those of a general agent, but, at the most, were such only as ordinarily appertain to the relationship of attorney and client. Now, while an attorney at law has

large discretionary powers in the conducting of a suit, beyond this his agency is very much restricted, and he cannot substitute land for money. *Holker* v. *Parker*, 7 Cranch, 436; *Gable* v. *Hain*, 1 Pen. & W. (Pa.) 264; *Stackhouse* v. *O'Hara*, 14 Pa. St. 88; *Mackey's Heirs* v. *Adair*, 99 Pa. St. 143; *Isaacs* v. *Zugsmith*, 103 Pa. St. 77.

Is the defendant estopped from defending here by reason of the proceedings in respect to these sheriff's sales which Mr. Blakeley instituted and conducted in the court of common pleas? Upon the erroneous assumption that he had authority to bid for Bohlen, and, it would seem, still possessed with the idea that the Bohlen mortgage had been divested by the sheriff's sale, and hence that Bohlen was entitled to a special return as a lien-creditor purchaser, Mr. Blakeley, upon his own affidavit, obtained a rule in the court of common pleas to show cause why the second sale should not be set aside. That rule the court, after a hearing, discharged. How does any estoppel hence arise? It is said in *Aspden* v. *Nixon*, 4 How. 467, that the essential conditions of an estoppel from a *res judicata* are that the judgment or decree relied on must have been made by a court of competent jurisdiction, upon the same subject-matter, between the same parties, for the same purpose. It must appear on the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. *Russell* v. *Place*, 94 U. S. 606.

Now, this latter condition is not fulfilled here, even if it be conceded that the other elements of an estoppel exist. The question of the defendant's liability upon the bid made in his name by Mr. Blakeley was not before the court. The application was not to set aside the first sale, or to relieve the bidder at that sale, but it was to set aside the sale to Mr. Patterson. In refusing the application, the court merely held that the second sale was regular, and that no good reason appeared for disturbing it. Beyond this there was nothing decided. And when the rule to show cause was discharged, the case stood precisely as it did before the rule was granted.

Upon the facts found, I am of the opinion that the plaintiff is not entitled to recover; and, accordingly, the court finds in favor of the defendant. Let judgment be entered, upon the finding of the court, in favor of the defendant, with costs.