SHERBOURNE et al. v. WILLCOX & GIBBS SEWING MACH. CO.

(Circuit Court, E. D. Pennsylvania.  December 10, 1902.)

No. 95.

**1. PATENTS—ACTION FOR ROYALTIES—DEFENSE OF ADJUDGED INVALIDITY OF PATENT.**

It must clearly and certainly appear from the opinion of the circuit court of appeals in an infringement suit that the court held the patent void, before such decision can be availed of, as matter of law, to defeat an action to recover royalties from a licensee under such patent.

At Law.  On motion by defendant for judgment non obstante veredicto on question of law reserved.

See 105 Fed. 970.

Frank P. Prichard and John G. Johnson, for plaintiffs.

P. K. Erdman, Hubert Howson, and George Tucker Bispham, for defendant.

DALLAS, Circuit Judge.  Upon the trial of this case the court directed a verdict for plaintiffs, reserving the question of law whether the decision of the circuit court of appeals for the Third circuit in the case of Industrial Mfg. Co. v. Wilcox & Gibbs Sewing Mach. Co., (No. 4, September term, 1901) 112 Fed. 535, relieves the defendant, under the evidence in this case, from liability, etc.  The point primarily presented by this reservation is whether the circuit court of appeals did or did not decide, in the case referred to, that a certain patent (No. 341,790, division B) was invalid, for, if it did not so decide, a fundamental essential of the defense interposed to this action is nonexistent.  That case was an appeal from a decree by which the patent above mentioned had been sustained and its infringement found, and the determination of the appellate court was that that decree "must be reversed and the record remitted, with instructions to dismiss the complainant's bill."  It is obvious that this determination might have been based upon the ground either that the patent was invalid, or that it had not been infringed, or upon both of these grounds; and, but for the first sentence of its final paragraph, the opinion which accompanied the order of reversal would perhaps support the defendant's insistence that the patent was held to be void.  But that sentence is, "If the patent No. 341,790 [division B] can be sustained, it must be upon a construction so narrow that the defendant's device does not infringe;" and it is not easy, especially in view of the general disinclination of the courts to unnecessarily overthrow patents, to reconcile this final statement with the supposition that by what had previously been said it was intended to decide that upon no construction of it could the patent in question be upheld.  I, however, think that I should, if possible, abstain from putting a construction upon an adjudication of the court

¶ 1. Effect of previous adjudications as to patents on circuit court of appeals, see notes to Thomson-Houston Electric Co. v. Hoosick Ry. Co., 3 C. C. A. 565; National Cash Register Co. v. American Cash Register Co., 27 C. C. A. 427; Emigration Co. v. Gallegos, 32 C. C. A. 475.

of appeals in which I participated; and in this instance it is not requisite that I should do so. The present case will no doubt be taken to that court, and to it, I think, may properly be left the interpretation of its own decision. It is enough now to say that it does not appear with certainty that it was intended to have the effect which the defendant ascribes to it, and for this reason the question reserved must be resolved in favor of the plaintiffs. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

The defendant's motion for judgment non obstante veredicto is denied, and judgment will be entered for the plaintiffs upon the verdict in the sum of $6,957.96.