### VENNER v. CHICAGO CITY RY. CO. et al.

(District Court, N. D. Illinois, E. D.   April 11, 1912.)

No. 30,272.

JUDGMENT (§ 570*)—RES ADJUDICATA.

    A decree of the superior court of Illinois dismissing for want of equity a bill by a minority stockholder of a street railway company to declare invalid a franchise ordinance of a city, on the ground that the ordinance impairs the obligation of contracts of the stockholder, in violation of the federal Constitution, and on the ground that the ordinance takes the property of a stockholder without due process of law, affirmed by the Supreme Court of Illinois, passing on technical objections to the bill and on the merits, followed by an order of the federal Supreme Court, dismissing a writ of error to review the decree for want of jurisdiction, is res adjudicata on a subsequent bill by the stockholder in the federal court, though the bill is not subject to the technical objections determined by the state courts.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028-1045; Dec. Dig. § 570.*]

In Equity.   Suit by Clarence H. Venner against the Chicago City Railway Company and others.   Bill dismissed.

See, also, 218 U. S. 669, 31 Sup. Ct. 229, 54 L. Ed. 1203.

Elijah N. Zoline, for complainant.

Shope, Zane, Busby & Weber, for defendants.

KOHLSAAT, Circuit Judge.   Complainant files his bill to set aside and declare unconstitutional and invalid an ordinance of the city of Chicago passed February 11, 1907; also for injunction and incidental relief, on the ground that the ordinance impairs the obligation of contracts of complainant as a stockholder of the railway company, in violation of paragraph 10 of article 1 of the Constitution of the United States, and because the ordinance takes the property of complainant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without due process of law. Defendants pleaded in bar the decree of the superior court dismissing the cause for want of equity wherein was involved the same subject-matter, the order of the Supreme Court (236 Ill. 349, 86 N. E. 266) affirming the order of the lower court, and the order of the Supreme Court of the United States entered December 12, 1910 (218 U. S. 669, 31 Sup. Ct. 229, 54 L. Ed. 1203), dismissing the writ of error sued out to the Supreme Court of Illinois for want of jurisdiction. Complainant has placed the cause at issue, and it is now before the court on bill, plea, replication, and evidence.

It appears that defendants to said original bill in the superior court severally filed their general and special demurrer to the bill, the latter setting up multifariousness. On the hearing upon the demurrer, the superior court dismissed the bill of complaint for want of equity. On appeal, the Supreme Court of Illinois passed upon each and all of the several errors assigned, in terms, and affirmed the decree of the superior court. Complainant now presents its bill relieved of the feature of multifariousness and laches, claiming that, inasmuch as under the opinion of the Supreme Court the bill was bad on formal grounds, the decision upon the merits was not necessary in order to sustain the decree, and that, by reason of the statute requiring that court to file its opinion as a part of the record of the case, it must be resorted to for the purpose of ascertaining whether the judgment constitutes res judicata, and further claiming that it appears from the opinion in said state court case that the merits of the cause were not foreclosed against complainant, but that he is entitled to have this court at this time examine into and adjudge the same anew. It seems to be conceded that the record of the cause in the Supreme Court is now before the court.

Beyond doubt, the Supreme Court passed upon every material point raised by appellant there (complainant here). The decree of the lower court was affirmed, both upon the merits and upon the question of multifariousness and other matters. "There are," says the court, "a number of other grounds which we will briefly advert to, which we are of the opinion, clearly show the Circuit Court properly sustained demurrers to the bill." Complainant seeks to deduce from the fact that the Supreme Court dismissed the writ of error issued in said cause that the court did not deem the federal questions presented in his bill to be involved in that proceeding. No such deduction may in fact be made. There are other hypotheses upon which such action might have been taken. While counsel for defendants in error in that cause did call the attention of the Supreme Court of the United States to the fact that other than federal questions were presented, he also presented to the court the legal insufficiency of the allegations of the bill with reference to the federal questions aforesaid. In support of his contention, complainant cites Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, where it is said that:

"To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined; that is, that the verdict in the suit could not have been rendered without deciding that matter."

And also the language used in 21 Am. & Eng. Ency. of Law (1st Ed.) 272, viz.:

"It is pretty clearly determined that if there is a misjoinder or a nonjoinder of parties—a defect in the pleadings, or a mistake in the form or nature of the bill—the dismissal will not bar another bill avoiding these objectionable points. If several defenses are offered to a bill and the decree is one of general dismissal, so that it cannot be determined which defense was held valid, the dismissal may not prove a bar, as some of the defenses are technical, even though some of them extend to the merits."

In Illinois it has been held that the mere general dismissal for want of equity of itself is not a bar, and that evidence may be submitted to show that the decision was not on the merits. Connolly v. Dammann, 232 Ill. 175, 83 N. E. 531; Lundy v. Mason, 174 Ill. 505, 51 N. E. 614; Farmers' & Mech. Life Ass'n v. Caine, 224 Ill. 605, 79 N. E. 956.

Assuming the rule to be correctly stated, how does it apply to the present case? Here there is no uncertainty whatever. Granted that the state courts were not required to pass upon any questions but the formal or preliminary propositions of law, they still had both the power and the right to dispose of the case upon the merits. The Supreme Court has left no doubt upon what it was disposing of. Each question is carefully discussed and clearly decided. Can there be any uncertainty as to what that court would do with the present bill? Is there any matter in it which they have not disposed of? Is there any ground for claiming that it was the intention of the court to end the case? Ordinarily the order dismissing a cause for want of equity is a bar to further proceedings, except on appeal. This may be explained by evidence that the merits were not passed upon. That is not this case. The opinion of the Supreme Court bears evidence of great care, patience, and learning, and appeals to the judgment of this court. What that court calls the law in this case is such for the purposes of this hearing. The plea is sustained, and the bill dismissed for want of equity.