## SAN JUAN FRUIT COMPANY

### *v.*

## SALOMÉ CARRILLO ET AL.

San Juan, Law, No. 1018.

### DEFINITENESS OF DESCRIPTION.

Res Judicata—Civil Code.

1. The subject of *res judicata* is covered by § 1219 of the Civil Code of Porto Rico, which calls for substantially the same requirements as the common law. There must be shown identity of the thing sued for, of the cause of action, of the parties, and of the capacities in which they sue. The fact that other things also are set up in the pleading does not impair these requirements.

Ejectment—Rei Vindicatoria.

2. The proceeding in Porto Rico under the Code of Civil Procedure

San Juan Fruit Co. v. Carrillo.

is statutory, and not in terms either civil law or common law. As no forms are prescribed, a suit to determine adverse claims under § 282 of that Code is neither ejectment nor *rei vindicatoria*, and its nature must be determined from its allegations.

Real Action—Description.

3. The definiteness of description relates more to the possession of the defendant than to the later action of the marshal. Stating that several people possess lands within a definite outside boundary is insufficient.

Official Survey—When Ordered.

4. Section 286 of the Code of Civil Procedure for an official survey applies where the plaintiff cannot secure a definite description outside of court.

Opinion filed October 21, 1914.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

The matter was submitted at the close of last term on a motion to strike paragraph 6 of the complaint and a demurrer to the rest of the complaint. The court is laboring under considerable difficulty in passing upon this case on account of loss of papers. The complaint was lost and it has been agreed that a copy which is in the court shall be used instead of the original. But the complaint should have an exhibit which is said to be the proceedings of a local court. That exhibit is not attached to the copy; so the court will have to proceed without it. If the exhibit be necessary for one side or the other, that party will have to take the appropriate proceedings. The court is unwilling to keep the case under advisement any longer.

San Juan Fruit Co. v. Carrillo.

1. Taking up then the motion to strike paragraph 6, the reason for the motion is that the paragraph sets up the adjudication of this matter by an insular court, and, according to the motion, does not set out the necessary allegations to make it *res judicata*. The subject of *res judicata* is covered by § 1219 of the Civil Code of Porto Rico, which requires, what is substantially the requirement under the common law, an identity of the thing sued for, the cause of action, the parties, and the capacities in which the parties sue. The complaint may not set out these different elements in sufficient detail, and, as mentioned above, the exhibit being lost, the court is unable to supply the deficiency; but the complaint does set up in general words an adjudication by a court of competent jurisdiction of the same matter between the same parties; so that, so far as a motion is concerned, the court thinks this is not the way to reach the defect, if there be one. There is an attempt to set out the necessary elements, and, if they are defective from the loss of the exhibit or otherwise, the point must be reached in some other way, either by demurrer or by waiting until the trial and objecting when the proof is made. As to what course shall be taken, of course, the court has nothing to say. There is this to be remembered in connection with *res judicata,* that, while those four elements must coexist, still it does not hurt if something else coexists with them. If the other adjudication decides some other points, that will not impair the defense, provided it does cover what is required in the plea of *res judicata,* that is to say, the identity in question. Light is thrown upon the United States practice, which is not substantially different from that in the Code, in Russell v. Place, 94 U. S. 606, 24 L. ed. 214. The motion, therefore, as a motion, is overruled.

San Juan Fruit Co. v. Carrillo.

2. There is also a demurrer in the case which sets up that there is not a sufficient description of the land. The suit is one which at common law is known as ejectment, and, under the civil law, is known as *rei vindicatoria*. It is not either one or the other, but has elements similar to both. It is to be remembered that proceedings in Porto Rico, under the Code of Civil Procedure, are under a new system which is neither common law nor civil law; so while this suit may be referred to as one of ejectment or one of *rei vindicatoria,* it is simply a convenient description, and is not to be held as showing identity. The way it is expressed in the Code of Civil Procedure, § 282, is that it is a suit to determine adverse claims, and the exact kind of claim or the exact kind of suit will be determined by the allegations of the complaint. There are no forms, as at common law, which in themselves determine the nature of the suit. This, from its allegations, seems to be a suit to determine title, and is therefore a real action. That is important because of the difference between personal and real actions. This distinction is found in Velilla v. Piza, 17 P. R. R. 1069, 1073.

3. What, under that form of action, is a sufficient description? This will be the next point under the demurrer. There must be in such a suit allegations, if it be for title, of ownership, proper description, and possession on the part of the defendant. There seems to be no question about the allegations of ownership and possession, but simply this matter of description. What, then, is required in the way of description? The complaint presents a peculiar case. It alleges that there is a tract of land of, we will say, 50 cuerdas,—I have forgotten the exact number,—owned by the plaintiff; that the defendants are in possession of this tract, but that they have subdivided it

among themselves in such a way the plaintiff does not know which defendant possesses one part and which defendant possesses another part. So in view of this the plaintiff alleges that it does not know how to describe with greater particularity, and must sue all these defendants in one suit, and allege that they are somewhere in this tract. That is the description in the complaint and it raises an unusual situation. The general rule as to description in ejectment, and also in the civil law action, is that there must be a sufficient description of the land. Under the old decisions at common law the description must be very exact. There had to be a very particular description. It is held now, however, in ejectment, that this is somewhat relaxed in accordance with the general trend nowadays towards simplicity in law. But, nevertheless, in 15 Cyc. pp. 92 and 93, it seems that greater strictness is required where title is the gist of the action. That is the case here. Title is the gist of this action. So that even in ejectment there would have to be a description that is quite exact. The Porto Rican law is governed by the section of the Code on that subject, § 125. The plaintiff says all that is required is a description which will enable the marshal to put the defendants out of possession and to put the plaintiff in possession, and that if the defendants are put out of this 50-acre tract, there is no doubt that this is sufficient ouster. That may be, but § 125 of the Code of Civil Procedure refers less to the possession than to the land. It says that the description in a complaint must be sufficient to identify the land, and it would be questionable whether that was so where it was alleged that a dozen people are somewhere within certain described limits. There is a case in Virginia,—we have not access to it except in the Century Digest,—Hitchcox v. Raw-

San Juan Fruit Co. v. Carrillo.

son, 14 Gratt. 526, where a defendant was described as in possession of 200 acres on a river inside of a certain general tract of 1,100 acres, and that, it will be observed, is a little more definite than the present complaint, because it does give the number of acres and does give the location as on a certain river. The court held that this was not a sufficient description; that it was not such as was called for by ejectment proceedings. In Diaz v. People, 17 P. R. R. 55, there is some discussion of the necessity for specific description. Upon the whole, it seems to the court that the description in the complaint, even under the circumstances mentioned, is not sufficient; so the court would sustain the demurrer.

4. Another point to which the court will call attention is this: The case presented is somewhat unusual, and it would be improper for the court to determine something that is not before it, but it might call attention to the law on the subject of survey, § 286 of the Code of Civil Procedure, which seems to provide that in certain cases where the plaintiff cannot get at a description otherwise, there may be an official survey. Whether that would apply to this case or not is not decided, but it is not improper to refer to it in showing that the law does not wish to have a failure of justice. Where it is impossible for the plaintiff to get at a description outside of the court, a means of getting at it through the court is provided by law.

The result of the opinion is that the motion to strike is denied and the demurrer is sustained.