47 CCPA

**Application of Michael Mojzesz SZWARC.**

**Patent Appeal No. 6462.**

United States Court of Customs and Patent Appeals.

July 20, 1960.

Carpenter, Abbott, Coulter, & Kinney, St. Paul, Minn. (Cruzan Alexander and James Daniel Stice, St. Paul Minn., of counsel), for appellant.

Clarence W. Moore, Arthur H. Behrens, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, and JOHNSON (retired), Judges.

SMITH, Judge.

Involved in this appeal is a continuation in part application whose parent application was held by the Court of Appeals of the District of Columbia Circuit in Petrocarbon Ltd. v. Watson, 101 U.S.

App.D.C. 214, 247 F.2d 800, certiorari denied 355 U.S. 955, 78 S.Ct. 540, 2 L.Ed.2d 531, to be "defective as a matter of law" for failure to comply with 35 U.S.C. § 112. The Board of Appeals held that this issue was *res judicata* and affirmed the examiner in denying appellant the right to rely on 35 U.S.C. § 120 to secure for the present application the benefit of the earlier filing date of the parent application and thus overcome the rejection of the application under 35 U.S.C. § 102(b) on British patent No. 650,947 as a statutory bar.[1]

The issue raised by assignment of error No. 9 is basic to this appeal. It reads:

> "The Board of Appeals erred in stating that the decision of the U. S. Court of Appeals, District of Columbia Circuit, 724 O.G. 432, 114 USPQ 94 is *res judicata* to the questions involved on this appeal."

 The first requirement of *res judicata* is that there be an identity of parties or their privies in the two actions. Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. In the case at bar, the record before us does not show the required identity of parties or their privies in this action and in the Petrocarbon case. While imagination suggests a possible answer to the question of the relationship between the parties, the requirement for identity of parties in the rule of *res judicata* is not satisfied by imaginative speculations. "There is not that certainty to every intent, which Lord Coke held necessary to constitute an estoppel, and as observed by this court in Russell v. Place, 94 U.S. 606, 610, 'If upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence.' " McCarty v. Lehigh Valley

R. Co., 160 U.S. 110, 120, 16 S.Ct. 240, 244, 40 L.Ed. 358.

 On the record before us, there is no affirmative evidence of such identity of the parties as to have warranted the application of *res judicata* by the board. Such identity or privity, if it exists, must be shown before *res judicata* is applicable.

Since the record in the Patent Office is more complete than that before us, we are remanding this case for a factual determination as to the relationship, if any, between the parties involved in the Petrocarbon case and the party in interest here involved.

Remanded for further proceedings consistent with this opinion.

Remanded.

JOHNSON, J., sat but did not participate in decision.

---

1. The British reference issued on an application which was the basis for filing the U. S. parent case under 35 U.S.C.

§ 119. Thus, the effective filing date of the U. S. parent case and of the reference are the same.