PEOPLE ex rel. HODKINSON v. JOHNSON, Fire Com'r.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

MUNICIPAL CORPORATIONS (§ 198*)—REMOVAL OF HONORABLY DISCHARGED VETERAN—VALIDITY.

> Where an honorably discharged veteran holding a position in the fire department was discharged without compliance in any particular with Civil Service Law (Consol. Laws 1909, c. 7) § 22, authorizing removal only for incompetency or misconduct after hearing on notice, the discharge will be annulled and relator reinstated on certiorari, subject to new proceedings for discharge in accordance with the statute.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 540-545; Dec. Dig. § 198.*]

Certiorari by the People, on the relation of Samuel Hodkinson, against Joseph Johnson, Jr., as Fire Commissioner, to review relator's dismissal from the position of oil surveyor in the fire department. Writ sustained, determination annulled, and relator reinstated.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George A. Ellis, of New York City, for relator.

Harry Crone, of New York City, for respondent.

SCOTT, J. The relator has sued out a writ of certiorari to review his removal by the fire commissioner of the city of New York.

Relator was an honorably discharged veteran, holding the position of oil surveyor in the fire department, but not a member of the uniformed force. As such he could be removed only "for incompetency or misconduct shown after a hearing upon due notice, upon stated charges." Civil Service Law, § 22. The record shows that the statute was substantially complied with in scarcely any particular, and demonstrates that the commissioner either misconceived his duty in the premises, or was in such haste to discharge the relator that he disregarded the mandate of the statute.

It is said that relator, by not asserting his right to due notice, the production of. legal evidence, and the service of charges in such manner that he could be prepared to defend himself, waived all these rights, and cannot now insist that they were invalid. The circumstances attending the alleged trial and the manner in which it was conducted fully explain and account for relator's failure to protest at the time, and forbid the conclusion that he intended to waive his right to legal and orderly proceeding. Although, for these reasons, the order of the commissioner must be annulled, and the relator reinstated, the commissioner may still, if he sees fit, institute new proceedings for the relator's discharge upon the same charge, keeping within the mandate of the statute.

The writ must be sustained, the determination of the commissioner annulled, and the relator reinstated, with $50 costs and disbursements. All concur.