PEOPLE ex rel. MILLINGTON v. KAISER, Agent and Warden of Clinton Prison.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. OFFICERS (§ 68*)—CIVIL SERVICE—DISCHARGE—JUDICIAL DETERMINATION.

The removal of an honorably discharged soldier from his position as guard at Clinton Prison without a judicial determination of the charges against him, because of the failure to serve charges on him prior to the day of the alleged hearing at which witnesses were not examined under oath with an opportunity for cross-examination, will be set aside, and the employé reinstated.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 97; Dec. Dig. § 68.*]

2. OFFICERS (§ 68*)—CIVIL SERVICE—DISCHARGE—JUDICIAL DETERMINATION— "WAIVER."

Where an honorably discharged soldier was removed from his position as guard at Clinton Prison, to which he was appointed after a civil service examination, without any opportunity to prepare a defense and without being represented by counsel, he did not waive his rights by taking

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

part in an informal hearing, for waiver contemplates that a party has in the knowledge of his rights voluntarily surrendered them.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 97; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381.]

Certiorari by the People, on the relation of Henry G. Millington, against Harry M. Kaiser, as agent and warden of Clinton Prison, to review a determination discharging relator. Writ sustained, determination annulled, and relator reinstated.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Corbitt & Stern, of New York City (Ernest J. Ellenwood, of New York City, of counsel), for relator.

Thomas Carmody, Atty. Gen. (James A. Parsons, Deputy Atty. Gen., of counsel), for respondent.

WOODWARD, J. The relator, an honorably discharged soldier of the United States, was after a civil service examination appointed to a position as guard at Clinton Prison on the 1st of September, 1908. On the 15th day of August, 1912, while in the discharge of his duties, and in charge of a gang of convicts, some of these convicts committed an assault upon one of their number. The essence of the charge against the relator is that he did not properly discharge his duties in reference to this assault, in that he did not exert himself promptly to prevent it, and that he did not make a detailed report of the same to his superior officer.

[1, 2] The petition of the relator and the return thereto shows conclusively that the relator has not had a judicial determination of the charges against him. No charges were served upon him prior to the day of the alleged hearing; no witnesses were examined under oath in the presence of the relator with an opportunity to cross-examine them nor were any of the formalities incident to a judicial determination observed. The relator had no opportunity to prepare his defense, was not represented by counsel, and to urge that he waived his rights by taking part in an informal hearing of the character set forth in the record is absurd. Waiver always contemplates that the party has in the knowledge of his rights voluntarily surrendered them, and no such inference is to be drawn from the facts now before us. The relator has been arbitrarily removed from his position, and under the authority of People ex rel. Hodkinson v. Johnson, 153 App. Div. 890, 138 N. Y. Supp. 385, the determination of the respondent should be annulled, and the relator restored to his position, without prejudice, however, to a hearing of any charges which may properly be brought against him in relation to this alleged dereliction of duty.

Writ sustained, determination of the agent and warden of Clinton Prison annulled and relator reinstated with $50 costs and disbursements. All concur.