(159 App. Div. 488.)

HATHAWAY v. KLINE, Mayor, et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. JUDGMENT (§ 715*)—CONCLUSIVENESS—MATTERS CONCLUDED.

    Where relator was removed from office and restored by mandamus, the order restoring him to office because of some irregularity in the proceedings before the commissioner and not upon the merits would not bar a second proceeding for his removal based on the original charge.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. § 715.*]

2. JUDGMENT (§ 956*)—JUDGMENT AS BAR—BURDEN OF PROOF.

    Relator in mandamus for his restoration to office after removal had the burden of showing that an order in a former mandamus proceeding restoring him to office went upon the merits and was not based upon some irregularity in the proceedings before the commissioner; and it was not sufficient to produce a record as consistent with one ground as with the other, or to show a state of facts from which different inferences might be drawn.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

Appeal from Special Term, New York County.

Mandamus by Galen B. Hathaway against Ardolph L. Kline, individually, and as Mayor of the City of New York and others. From an order granting a peremptory writ of mandamus, defendants appeal. Reversed, and proceedings dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harry Crone, of New York City, for appellants.

Roger Foster, of New York City, for respondent.

HOTCHKISS, J. The relator was a sealer of weights and measures attached to the mayor's bureau in this city. On or about April 14, 1913, he was served with notice that charges of conduct unbecoming an inspector and of insubordination had been preferred against him, and he was cited to appear before the commissioner of his department. Having so appeared, he was removed from office, but was restored by mandamus. Within a few days thereafter, new proceedings were begun for his removal upon the same charges which had been the subject of the former proceeding. On the second proceeding, the relator appeared and moved to dismiss on the ground that the effect of the prior final order of mandamus restoring him to office was an adjudication in his favor of the matters at issue, and that the same could not be made the subject of a new proceeding. His objections were overruled, and he was again removed. Thereafter he instituted the proceeding in which the order appealed from was entered, by which order he was again restored to office.

[1] If, by virtue of the order made in the first mandamus proceeding, the relator was restored to office because of some irregularity in the proceedings before the commissioner, and not upon the merits, the order restoring him to office was not a bar to a second proceeding

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for his removal, based upon the original charges. Such is the rule in cases where removals are reviewed by certiorari, and we see no reason why it should not apply to mandamus. See People ex rel. Hodkinson v. Johnson, 153 App. Div. 890, 138 N. Y. Supp. 385; People ex rel. Hoell v. Waldo, 151 App. Div. 709, 136 N. Y. Supp. 191; People ex rel. Lenahan v. Grifenhagen, 146 App. Div. 874, 130 N. Y. Supp. 570; In Matter of Greenebaum v. Bingham, 201 N. Y. 343, 94 N. E. 853. Neither the order nor any portion of the first proceedings appearing in the record before us discloses the ground upon which the original proceedings were quashed and the relator restored to office, and for aught that appears such restoration may have been because of some irregularity.

[2] The relator assumes that the burden was upon the city to show that the relator was removed upon some ground not inconsistent with the right to institute the second proceeding. In this he is in error. The burden was upon the relator to show either by the record alone, or by the record in conjunction with extrinsic evidence, that the former order went upon the merits and was not based upon some irregularity. It is not sufficient for him to produce a record as consistent with one ground as the other or to show a state of facts from which different inferences may be drawn. Carter v. Beckwith, 128 N. Y. 312, 323, 28 N. E. 582; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

The order should be reversed, with $10 costs and disbursements, and the proceedings dismissed, with $10 costs. All concur.