WILCOX & GIBBS SEWING MACH. CO. v. SHERBORNE et al. (two cases).

(Circuit Court of Appeals, Third Circuit.   June 29, 1903.)

Nos. 21, 22.

1. PATENTS—ACTION FOR ROYALTIES—DEFENSE OF ADJUDGED INVALIDITY OF PATENT.

A decree dismissing a bill for infringement of a patent, filed by a licensee thereunder, where the defenses pleaded were the invalidity of the patent and noninfringement, and the decree is not based specifically on either, will not be construed as an adjudication of the invalidity of the patent, which will be conclusive to relieve the complainant from liability for further royalties under the license contract.

2. RES JUDICATA—MATTERS CONCLUDED BY JUDGMENT.

Where, in an action to recover royalties from a licensee under a patent, defendant pleaded as a defense that the contract had terminated by reason of the invalidity of the patent relied on to continue it in force, a judgment for plaintiff is conclusive between the parties upon such issue, which cannot be raised by defendant, and again litigated in a second action to recover royalties subsequently accruing.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 119 Fed. 371.

Preston K. Erdman, George Tucker Bispham, and Hubert Howson, for plaintiff in error.

John G. Johnson and Frank P. Prichard, for defendants in error.

Before ACHESON, Circuit Judge, and BUFFINGTON and KIRKPATRICK, District Judges.

BUFFINGTON, District Judge.   These are actions, in which the plaintiff below (here the defendant in error) sued to recover installments on a contract between the parties dated January 8, 1884, for licenses under a number of patents.   The facts pertinent thereto are fully set forth in a former suit between the same parties, brought for earlier installments upon the same contract, reported in 105 Fed. 970 and 109 Fed. 319, 48 C. C. A. 378.   The contract in question, which was a modification of a prior agreement between the same parties dated April 11, 1881, provided that:

"The rights and obligations of the parties hereto, under the terms hereof, and of so much of the agreement of April 11, 1881, as is hereby adopted and made part hereof, shall continue until the 29th day of August, 1899, or so long thereafter as the said parties of the second part shall continue to hold (for the joint benefit of the parties hereto) any exclusive license rights under and by virtue of the hereinabove mentioned license agreement with John Bigelow, or any renewal thereof or substitute therefor."

The license agreement with Bigelow referred to provided:

"This agreement, except as hereinbefore provided, shall terminate with the life of letters patent No. 263,467; or should any other patent or patents be obtained on a pending application now in the United States Patent Office, filed June 5, 1879, relating to or covering a similar subject-matter as said patent, viz., trimming in advance of over-edge sewing, which application was made by the said licensor."

¶ 2. See Judgment, vol. 30, Cent. Dig. § 1133.

This former case, the record of which was offered in the present suit as an estoppel in certain respects, was brought to recover royalties accruing under the contract between August 29, 1899, and December 1, 1901. It was defended on the ground the contract terminated August 29, 1899, with the expiration of patent No. 263,467, and its life was not extended by virtue of the subsequently issued Bigelow patent, No. 341,790, which was alleged to be invalid and void. Such defense was specifically embodied in the pleadings in the allegation of the defendant:

"That, in view of the state of the art at the time of the alleged invention thereof by the patentee, John Bigelow, the matters claimed in patent No. 341,790 were not patentable inventions, but were mere mechanical expedients requiring no invention, and within the domain of mere judgment and skill in the art. That the said letters patent No. 341,790, mentioned in the plaintiff's statement, are invalid and void by reason and in view of the prior patent No. 263,467, previously granted to the same patentee August 29, 1882."

Upon this action there was a verdict for the plaintiff therein. The present actions were brought to recover later installments of royalty falling due under the same contract from December 1, 1901, to July 1, 1902. On their trial there were verdicts for the plaintiff for the amounts claimed, subject to the reserved point of law "whether the decision of the Circuit Court of Appeals for the Third Circuit in the case of Industrial Manufacturing Co. v. Wilcox & Gibbs Sewing Machine Company (No. 4, September Term, 1901), relieves the defendant, under the evidence in this case, from liability to pay to plaintiff all or any part, and, if so, which part, of said receipts." The case therein referred to was one brought by the Wilcox & Gibbs Company, the plaintiff in error, against a third party, charging infringement of patent No. 341,790, and the decision referred to was reported at 112 Fed. 536, 50 C. C. A. 387. It is contended by the Wilcox & Gibbs Company that the said patent was adjudged invalid in that case, but its contention was overruled, and judgment entered for the plaintiff on the reserved point; the court saying, in 119 Fed. 372, of the decision in the Industrial Case, "That it does not appear with certainty that it was intended to have the effect which the defendant ascribes to it, and for this reason the question reserved must be resolved in favor of the plaintiffs." After careful consideration, we agree with the court below in holding the decree referred to does not necessarily adjudge the patent invalid. True, language is employed, which, taken by itself, might indicate that such was the opinion of the court; but it will likewise be noted that other language is used, which shows the validity of the patent was not adjudged. This does not involve any contradiction of views or holding in the opinion of the court, for the two statements show the case was treated in two different aspects, and the language must be considered with that fact in mind. The court below had in an opinion reported at 110 Fed. 210, given the claims such broad construction as to include the respondent's device. The reasoning of the Circuit Court of Appeals, 112 Fed. 535, 50 C. C. A. 387, in reviewing that case, showed that, if the broad construction thus given was adopted, patent No. 341,790 was invalid by reason of Bigelow's prior patent No. 263,467, and, if the patent could be sus-

tained, it would be on a construction so narrow that the respondent did not infringe. Either of these grounds—invalidity or noninfringement—warranted a dismissal of the bill, and the dismissing decree was general, and not based specifically on either view. Such being the case, and it being well recognized that courts are reluctant to decree patents invalid when a decree can be based on noninfringement, it cannot be said that the decree in question adjudged the patent invalid, rather than that there was no infringement. We are, therefore, of opinion the decree offered in evidence did not establish the contention of the plaintiff in error that the patent had been decreed invalid. "If, upon the face of a record, anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence." Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

But, apart from this question, we think the entry of the judgment on the reserved point was justified by the proof afforded by the record of the prior suit between the same parties, wherein the pleadings show the question of the alleged invalidity of this patent to limit the contract was passed upon. In that case the fundamental fact was whether the contract was in force. On the determination of that question the right to recover royalties depended. The defendant sought, by showing the invalidity of patent No. 341,790, to terminate the contract August 29, 1889. That issue having been raised and merged in judgment, it is clear that in a suit between the same parties for subsequent installments under the same contract the same question cannot be raised and litigated a second time. Indeed, this case is akin to Outram v. Morewood, 3 East, 346, where there had been a former action of trespass between the same parties for taking coal from land. A suit was afterwards brought to recover for a second trespass. It was held the defendant was estopped in the second case from litigating the title. Lord Ellenborough said:

"It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which create the estoppel. The recovery, of itself, in an action of trespass, is only a bar to the future recovery of damages for the same injury, but an estoppel precludes parties and privies from contending to the contrary of that point or matter of fact which, having been distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them."

Applying the principle of that case to the one in hand, it will be seen that the right to recover any of the installments sued for in both the former and the present case depends on the existence of the contract subsequent to August 29, 1899. When, therefore, the existence of the contract beyond that date, as affected in that respect by the life of patent No. 341,790, was put in issue in the first case, and determined in favor of the plaintiff, it is clear that, when a subsequent installment is sued for, while the defendant can make any defense peculiar or applicable to such later installments, yet on the fundamental question of the existence and duration of the contract he is estopped, because that matter was in issue and litigated in the prior case. This principle was applied in Gardner v. Buckbee, 3 Cow. 120, 15 Am. Dec. 256. Two notes were given on the sale of a vessel. The first

note was defended against on the ground that the sale was fraudulent, the vessel being at the time unseaworthy; and that, the question having been determined in the suit upon the first note, the plaintiff was held estopped from contesting the character of the sale in an action on the second note. These cases were cited, and their principle approved and applied, in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. Reference may also be made to Beloit v. Morgan, 7 Wall. 621, 19 L. Ed. 205, and Aurora City v. West, 7 Wall. 82, 19. L. Ed. 42; Lumber Company v. Buchtel, 101 U. S. 638, 25 L. Ed. 1073; Wells on Res Adjudicata, § 248; and especially to Johnson, Company v. Wharton, 152 U. S. 252, 14 Sup. Ct. 608, 38 L. Ed. 429.

The judgment of the court below is therefore affirmed.

KIRKPATRICK, District Judge. I concur in the conclusion reached by the court in the above cases, but dissent from so much of the opinion as holds that the decree in Industrial Manufacturing Company v. Wilcox & Gibbs Sewing Machine Company, 112 Fed. 535, 50 C. C. A. 387, which was offered in evidence, did not establish the contention of the plaintiff in error that the patent in suit therein had been declared invalid.