## HAYNES v. UNION CARBIDE & CARBON CORPORATION. *

No. 4385.

Circuit Court of Appeals, Seventh Circuit.

Jan. 2, 1931.

*Rehearing denied February 16, 1931.

Conrad Wolf, of Kokomo, Ind., and Earl B. Barnes, of Indianapolis, Ind., for appellant.

George A. Cooke, of Chicago, Ill., and Henry H. Hornbrook and Paul Y. Davis, both of Indianapolis, Ind., for appellee.

Before EVANS and PAGE, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The present appeal presents for review a judgment dismissing appellant's action, which was one for damages arising out of an alleged breach of contract. The trial was by the court, a jury having been waived. Special findings of fact were made which fully cover all of the issues involved.

The material portions of the contract, upon which the action is based, are herewith set forth.[1]

Paragraph 4, section 2, contains the provisions decisive of this appeal.

When this contract was executed, the Haynes Stellite Company had brought suit against Chesterfield Metals Company for infringement of a patent (No. 1,057,423), which suit had been decided adversely to Haynes Stellite Company by the District Court of Michigan. 8 F.(2d) 765.

From the decree thus entered, an appeal was taken and was pending when the contract, here under consideration, was negotiated. By its terms, disputes between the parties were settled, past contracts abrogated, and Haynes' stock in the Haynes Stellite Company was sold to appellee on terms and conditions set forth in said paragraph 4, section 2. The price fixed was somewhat contingent. A certain amount was paid by appellee when the contract was executed. A further sum (2,000 shares of stock of appellee, afterwards raised to 6,000 shares by reason of a stock dividend) was to be paid if the patent was in all respects sustained by the Court of Appeals or the United States Supreme Court on the pending appeal.

---

[1] Whereas it is now the desire of the parties hereto to settle and adjust all matters still unperformed in respect of said patents and/or said stock and/or said agreements, modifying the conditions provided for in said agreements, * * *

Now, Therefore, in consideration of the sum of One dollar ($1.00) * * * the parties hereto agree as follows:

First: It is hereby agreed that said agreement dated the 29th day of April, 1920, and all other agreements, amending and supplementing the same, particularly those bearing dates respectively April 7, 1922, April 20, 1923 and April 23, 1924, be and they hereby are terminated * * *

Second: The said patents and all of them, mentioned and referred to in said agreements, being Letters Patent of the United States issued to said Elwood Haynes, Numbers 873745, 1057423, 1057828 and 1150113, shall be and remain the property of said Haynes Stellite Company, and the said stock of Union Carbide and Carbon Corporation so transferred by said Union Carbide and Carbon Corporation to itself or its nominee shall be and remain its sole property; * * *

Third: Said Haynes Stellite Company shall at its sole costs and expense prosecute to final adjudication the appeal now pending in the Circuit Court of Appeals for the Sixth Circuit, taken by it from a certain judgment in the United States District Court for the Eastern District of Michigan, * * * in a certain action brought by it * * * against Percy C. Chesterfield and Chesterfield Metals Company * * *

Fourth: The second parties shall transfer and deliver to the First Party the following shares of stock of Union Carbide and Carbon Corporation under the terms and conditions hereinafter stated, that is to say:

1. The Second Parties shall, * * * transfer, assign and deliver to the First Party two thousand (2000) shares of the common capital stock of Union Carbide and Carbon Corporation and shall simultaneously therewith pay to the First Party the amount of Ten thousand ($10000.00) dollars hereby agreed upon as the equivalent of the dividends upon said stock for the period from April 27, 1925, the same to be held by the First Party to his sole use and benefit free and clear of all claims and demands of the Second Parties or either of them.

2. *If final judgment in said action brought by the said Haynes Stellite Company against said Percy C. Chesterfield and said Chesterfield Metals Company, whether said final judgment shall be rendered upon said appeal now pending in the United States Court of Appeals for the Sixth Circuit, or upon an appeal from the decision of that Court taken by either party thereto to the United States Supreme Court, shall adjudicate that all of the claims of Letters Patent No. 1057423, forming the subject matter of said action, are in all respects valid and enforceable, and shall fully sustain the entire validity of said Letters Patent, and shall further adjudicate that said defendants have been and were at the time of the institution of such action infringers of said Letters Patent and shall issue a permanent injunction restraining said defendants from using, manufacturing or selling the product manufactured by them or either of them, then and in that event the Second Parties shall transfer and deliver to the First Party within thirty (30) days from the date of the entry of said final judgment Two thousand (2000) shares of the common capital stock of said Union Carbide and Carbon Corporation, but without any payment or allowance for accrued or previously paid dividends, to his sole use and benefit free and clear of all claims or demands of the Second Parties or either of them. In the event of an adverse decision on said present appeal the said Haynes Stellite Company shall not be obligated to take any appeal or apply for any writ to the Supreme Court of the United States or take any further action in said action, but may take such action or refrain from doing so in its uncontrolled discretion.*

Fifth: All other matters between the First Party and the Second Parties in respect to amounts owing between them have been adjusted * * *

Sixth: * * *

Seventh: * * *

Eighth: * * *

In Witness Whereof, etc.

The Court of Appeals reversed the decree of the District Court in the case of Haynes Stellite Company v. Chesterfield, reported in 22 F.(2d) 635, and sustained claim 8 of the patent No. 1,057,423, and adjudicated its infringement by Chesterfield.

Appellee argued that the decree in the Sixth Circuit Court of Appeals did not meet the requirements of paragraph 4, section 2, of the contract and therefore it was not required to deliver the 6,000 shares of stock.

Appellant, on the other hand, contended that the patent was completely sustained by the above-mentioned opinion of Judge Denison of the Sixth Circuit Court of Appeals, and that the demands of paragraph 4, section 2, were met. It therefore becomes necessary to examine the decree in the light of the contract.

Requirements of the contract were:

(a) A final decree.

(b) An adjudication that "all of the claims of Letters Patent No. 1,057,423 are valid and enforceable."

(c) An adjudication fully sustaining the entire validity.

(d) An adjudication that defendants were infringers.

(e) In the final decree an injunctional order effective against the infringing defendants.

The last paragraph of the opinion of the Court of Appeals reads:

"The decree below should be reversed, and the usual interlocutory decree for injunction and accounting be entered, based upon claim 8. The decree may be silent as to the other claims. We see no sufficient object in pursuing such distinctions, if any, as there may be."

The order of the Court of Appeals reads:

"On Consideration Whereof, It is now here ordered, adjudged and decreed by this Court that the decree of the said District Court in this cause be and the same is hereby reversed with costs and the cause remanded for further proceedings consistent with the opinion of this court."

The decree of the District Court entered pursuant to the mandate of the Court of Appeals reads:

"It is by the Court now here ordered that the decree heretofore entered herein be and the same is hereby vacated and set aside, and that interlocutory injunction issue herein and accounting upon claim eight of the Patent in Suit be and the same is hereby ordered, and the case is hereby referred to William S. Sayres, Junior, Standing Master in Chancery of this Court, with instructions to proceed with such accounting and report his findings thereon together with testimony adduced before him, with all convenient speed."

It is plain that requirements (a), (d) and (e) were fully met by the terms of the decree entered in the District Court pursuant to the mandate of the Court of Appeals. The controversy, therefore, is narrowed to the query: Were requirements (b) and (c) of the contract fully satisfied by the effective decree entered in the District Court pursuant to the directions of the Court of Appeals?

Concerning this inquiry it would seem sufficient to say that the parties made their own contract and this court can neither enlarge nor restrict the terms of the agreement thus negotiated. There is no ambiguity in the language which the parties used to express their mutual undertakings, nor do we find any other basis for an attempted construction of the plain language of the parties whereby they agreed that the payment of the additional consideration was dependent upon a judgment adjudicating *"that all of the claims* of Letters Patent No. 1,057,423 * * * *are in all respects valid and enforceable,* and shall fully sustain the entire validity of said Letters Patent."

The parties agreed that it was the final decree rather than the opinion which determined appellant's right to extra compensation. Likewise, they agreed that this decree must adjudicate that *"all of the claims are in all respects valid and enforceable."* The additional clause "and shall fully sustain the entire validity of said Letters Patent" added nothing to the previous requirement. It did, perhaps, emphasize the necessity of an adjudication of validity upon all of the claims.

But even though we look beyond the decree to the opinion of the court, we find nothing of comfort for appellant. The last paragraph specifically limits the court's conclusion to claim 8. The additional sentence, "The decree may be silent as to the other claims," though unusual, is none the less emphatic of the judicial intent to limit the ruling to claim 8.

Upon numerous authorities, of which the following are but a few: Fayerweather v. Ritch, 195 U. S. 276, 25 S. Ct. 58, 49 L. Ed. 193; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Wilcox & G. S. M. Co. v. Sherborne (C. C. A.) 123 F. 875, 877; N. C. R. R. v. Story, 268 U. S. 288, 294, 45 S. Ct. 531,

69 L. Ed. 959; 15 R. C. L. p. 980, § 454, we are satisfied that the decree was not, even as between the parties to the suit, determinative either of the issue of validity or of the infringement of claims 1 to 7 inclusive.

It should perhaps be added that no contention was made that counsel for appellant in the Sixth Circuit Court of Appeals failed in any respect to advance the cause for which he was employed, namely, to secure a holding of validity and infringement of all eight claims of the patent. Likewise, an examination of the eight claims of the patent shows them to be materially different, one from the other, and that claim 8 is the narrowest one.

The decree of the District Court, therefore, must be, and is hereby affirmed.