**BAVARIAN BREWING COMPANY Inc., Plaintiff,**

v.

**ANHEUSER-BUSCH, Inc., Defendant.**

**Civ. A. 3649.**

United States District Court
S. D. Ohio, W. D.
March 25, 1957.

Clarence B. Des Jardins, and Edward M. Tritle, Des Jardins & Robinson, Cincinnati, Ohio, Richard W. Todd, Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, for plaintiff.

Wallace H. Martin, Walter J. Halliday, Robert Bonynge, and William Buchanan, Nims, Martin, Halliday, Whitman & Williamson, New York City, Joseph J. Gravely, Gravely, Lieder, Woodruff & Wills, Dwight D. Ingamells, St. Louis, Mo., Leonard A. Weakley, John H. Clippinger, and Carl Turner, of Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This action is brought for infringement of common law rights in the trademark "Bavarian," for unfair competition in trade, and for infringement of a trademark registration issued by the United States of America under the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq.

Plaintiff's complaint, among other things, says:

That a brewery was first established in 1866 on the premises now owned by plaintiff, and on which it operates a brewery. About 1870, said brewery was named, and became known as, "Bavarian Brewery," and it has continued to be so known up to the present time. In 1889, a corporation was organized under the laws of Kentucky, having the name "Bavarian Brewing Company," and said corporation acquired said brewery and thereafter operated it until, in 1918, the brewing of beer was discontinued due to wartime restriction and the advent of the National Prohibition Act, 41 Stat. 305. Upon the repeal of the National Prohibition Act, 49 Stat. 872, operation of said brewery was resumed, in 1933, by Bavarian Brewing Company, Inc., a Delaware corporation, which had acquired the brewery property and operated it until 1937. Plaintiff, Bavarian Brewing Company, Inc., was incorporated under the laws of Kentucky on January 21, 1938, and immediately thereafter acquired said brewery known as "Bavarian Brewery," and has continued since January, 1938, up to the present time, to operate said brewery and sell and distribute the products thereof;

That inasmuch as the brewery now owned and operated by plaintiff has been known as "Bavarian Brewery" since 1870, and the word "Bavarian" has been the most prominent and distinctive part of the corporate name of plaintiff, and its predecessors, since 1889, the beer produced by plaintiff and its predecessors, became known as "Bavarian" beer within the areas in which said beer was sold and distributed including the States

of Ohio, Kentucky, and Indiana, and plaintiff has acquired the sole and exclusive right to the trade-mark "Bavarian" in connection with the sale of beer, and is the owner thereof;

That since 1938, continuously, up to the present time, plaintiff has sold its beer in packages having prominently displayed thereon the trade-mark "Bavarian," indicating origin of said beer with plaintiff; that the use by plaintiff, and its predecessors, of the word "Bavarian" in connection with the sale of its beer, has been so long continued and so exclusive that the term "Bavarian" has ceased to be geographically or otherwise descriptive of the product, and has acquired a secondary significance, in plaintiff's area of distribution, as denoting the beer of plaintiff;

That plaintiff has expended large sums of money in advertising its "Bavarian" beer from 1938 to the present time, and has continued to expand and increase its facilities for production of its "Bavarian" beer and extended the area of distribution thereof; that plaintiff's "Bavarian" beer has become well and favorably known throughout its area of distribution, and plaintiff has acquired a valuable good will in the sale of its beer, identified as originating with plaintiff, and distinguished from other beers, by the mark "Bavarian." That thereby, plaintiff has become the owner of the trade-mark "Bavarian" for beer, and of the sole and exclusive right to use said trade-mark in connection with the sale of beer;

That on or about March 1, 1946, plaintiff adopted the trade-mark "Bavarian's" for beer and has, since March 1, 1946, continuously used said trade-mark "Bavarian's" in connection with the sale of beer, by applying it to the packages in which said beer is sold. Trade-Mark Registration No. 609,692 was registered to plaintiff on July 26, 1955, by the United States Patent Office, for the trade-mark "Bavarian's" for beer of a legal alcoholic content, on the Principal Register under the Trade-Mark Act of 1946. Said registration is owned by plaintiff and is in full force and effect;

That defendant, in violation and infringement of the rights secured to plaintiff by its said ownership of the trade-mark "Bavarian" for beer, and in unfair competition with plaintiff, has sold, since September 1, 1955, beer under the trade-mark "Bavarian," the said mark being prominently displayed on the packages of beer sold by defendant, and in the advertising of such beer;

That defendant has used, in interstate commerce, without the consent of plaintiff, a reproduction, counterfeit copy or colorable imitation of the mark "Bavarian's" registered to plaintiff by said Trade-Mark Registration No. 609,692, in connection with the sale, offering for sale, and advertising of beer, which use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such beer; that defendant has reproduced, counterfeited, copied, or colorably imitated the mark "Bavarian's," registered to plaintiff by said Registration No. 609,692, and has applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon, or in connection with the sale, in interstate commerce, of beer produced by defendant, and prays:

That defendant be permanently enjoined and restrained from:

(a) Using the trade-mark "Bavarian," or any colorable imitation thereof, in connection with the distribution and sale of beer or any related products;

(b) Using the trade-mark "Bavarian's," or any colorable imitation thereof, in connection with the distribution and sale of beer, or any related products, or otherwise infringing upon plaintiff's said Trade-Mark Registration No. 609,692; etc., etc.

Defendant denies the existence of or the infringement of the alleged trade-mark "Bavarian," denies any unfair competition in trade, and denies the validity of or the infringement of any of plain-

tiff's trade-mark registrations, including Registration Nos. 583,028 and 609,692.

Defendant denies that plaintiff's beer became known or is known as "Bavarian" beer, and denies that plaintiff has the sole and exclusive right to use "Bavarian" in connection with the sale of beer. On the contrary, defendant alleges "Bavarian" has long been used by others in connection with beer and malt beverages, from dates preceding plaintiff's first use, as the name of a kind or type of beer or to associate said beverage with Bavaria, a well-known province of Germany where many famous breweries are located, and that one of defendant's predecessors was named "The Bavarian Brewery" from the early 1850's to about 1873, which fact has been widely publicized periodically from that time down to date.

Defendant denies the existence of an alleged trade-mark "Bavarian" and denies that plaintiff has used "Bavarian" as a trade-mark; denies the use of "Bavarian" per se by plaintiff and denies that "Bavarian" has ceased to be geographical or otherwise descriptive of a beer product, and denies that "Bavarian" has acquired a secondary significance in plaintiff's area of distribution or anywhere else as denoting only beer of plaintiff; denies that plaintiff uses or advertises "Bavarian" by itself; denies that plaintiff has good will in or has the sole and exclusive right to use "Bavarian" in connection with the sale of beer.

Defendant admits that on or about March, 1946, plaintiff adopted "Bavarian's" (possessive form of Bavarian) as part of an alleged composite (Bavarian's and design) trade-mark for beer, and admits the issuance of Registration No. 583,028 dated December 1, 1953, under Section 2(f) of the Trade-Mark Act of 1946, and admits the issuance of Registration No. 609,692, dated July 26, 1955, for the possessive form "Bavarian's" under said Section 2(f) of said Act, but denies that said registrations are valid or were properly issued.

Defendant admits that since on or about September 1, 1955, it has sold "Busch" Bavarian beer in the State of Kansas, and in the Kansas City, Missouri, trade area; alleges that within the last several months defendant has introduced different beers to the public under the registered trade-mark "Busch," having introduced "Busch" lager beer in St. Louis, Missouri, and several other cities and "Busch" Bavarian beer in the State of Kansas and in the Kansas City, Missouri, area.

Defendant denies ownership of an alleged trade-mark "Bavarian," by plaintiff, denies any violation of plaintiff's rights, and denies any acts of unfair competition. Defendant further denies that it has ever used or is presently using an alleged trade-mark "Bavarian," denies the sale of "Busch" Bavarian beer in the States of Ohio, Kentucky, or Indiana, or any geographic area in which plaintiff's product is distributed.

Defendant alleges that it and its predecessors have been making beer for over a century at the present site in South St. Louis, whose population is largely of German ancestry, and in this time defendant has become the world's largest brewery. One of defendant's predecessors, The Bavarian Brewery, occupied buildings within defendant's present site (and adjacent to defendant's present main office building), and received financial help during the early 1850's from Eberhard Anheuser, who later in 1857 became sole owner of The Bavarian Brewery. In or about 1879, the name was changed to The Anheuser-Busch Brewing Association, and in or about 1919 the name was changed to Anheuser-Busch, Inc., and has so remained ever since.

Defendant denies that plaintiff has ever had or presently has the sole or exclusive right in its Cincinnati trade territory, or elsewhere, to use the word "Bavarian" or "Bavarian's", either as a trade-mark or the name of a type or kind of beer, but even if it did, plaintiff has waived and is estopped to assert any exclusive rights which it might have had since others used "Bavarian" in connection with beer and other malt beverages long prior to plaintiff's first use, and

throughout the years others have continued to use "Bavarian" without protest from plaintiff.

Defendant counterclaims for cancellation of plaintiff's Registration No. 583,028 (Bavarian's and Design), and No. 609,692 (Bavarian's) as provided for by Sections 14 and 37 of the Trade-Mark Act of 1946, 15 U.S.C.A. §§ 1064 and 1119, alleging plaintiff's Registrations No. 583,028 and No. 609,692 were obtained by erroneous representations to the Patent Office by plaintiff; and that plaintiff erroneously represented to the United States Patent Office that it used as a trade-mark and had substantially exclusive use of the word "Bavarian" or "Bavarian's" for the five years next preceding the filing dates of the applications resulting in Registration Nos. 583,028 and 609,692, so as to induce the Patent Office to grant registrations including a merely geographical or primarily geographically descriptive term under the five-year clause of Section 2(f) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052.

Defendant further alleges that plaintiff filed suit alleging that its trade-mark is "Bavarian" and that defendant's descriptive use of Bavarian—"Busch" Bavarian beer—to designate the name of the type or kind of "Busch" beer being sold constitutes infringement; that plaintiff was not the first to be known as "Bavarian Brewery," and was not the first brewery to adopt a trade name with the word "Bavarian" therein; and that when used in connection with the sale of beer, "Bavarian" designates a kind or type of beer, and as such, anyone who makes such beer is entitled to use the word "Bavarian" in connection with its sale and no one is entitled to its exclusive use, and defendant prays:

(1) that plaintiff's complaint be dismissed with prejudice at plaintiff's cost;

(2) that plaintiff's Registration No. 583,028 dated December 1, 1953, be declared invalid and that the same shall be cancelled from the records of the United States Patent Office;

(3) that plaintiff's Registration No. 609,692 dated July 26, 1955, be declared invalid and that the same shall be cancelled from the records of the United States Patent Office;

(4) that defendant have and recover its costs and reasonable attorneys' fees.

Finally, defendant moved to amend the prayer for relief to include damages as a result of securing of registrations improperly.

During the trial counsel for both parties offered voluminous evidence in support of their contentions as shown by the pleadings, including several hundred exhibits, which need not be noted separately, but which will be generally considered in arriving at a decision on which the court considers the important and controlling issues.

From the evidence offered, it appears among other things that although defendant is not presently distributing its "Busch" Bavarian beer in plaintiff's distribution area, August A. Busch, Jr., President of Anheuser-Busch, Inc., defendant, testified that it was defendant's intention to extend the sales of this beer throughout the world, including the States of Ohio, Indiana, and Kentucky, where plaintiff distributes its beer. This evidence becomes important by reason of a decision by the United States Court of Appeals for the Third Circuit, in the case of Anheuser-Busch, Inc., v. Du Bois Brewing Co., 175 F.2d 370, reversing a District Court decision, 73 F.Supp. 338, enjoining Du Bois from using the word "Budweiser" in connection with its sale of beer. The Court of Appeals held in effect that Anheuser-Busch, Inc. was guilty of laches in delaying for several years before asserting its right to enjoin DuBois from using the word "Budweiser", meanwhile permitting DuBois to spend an appreciable amount of money in advertising "DuBois Budweiser." With this precedent it appears that plaintiff had no alternative but to timely bring this action to protect its claimed rights, rather than be subjected later to a defense of laches by waiting too long.

To meet defendant's claim that the term "Bavarian" is "geographically or otherwise descriptive" of beer, plaintiff offered expert testimony to the effect " * * * that in the second half of the nineteenth century and at the beginning of this century there was recognized in the industry a Bavarian type beer which had special characteristics as being brown in color, aromatic, malty in flavor, somewhat on the sweet side. This Bavarian type changed later its name so that the literature doesn't carry any more the name 'Bavarian', but it is replaced by the term 'Munich' and other cities in Bavaria and also these terms apply to the brown type of beer. In recent years, although the literature carries these characteristics for the Munich type of beer, in reality the Munich beer or any beer in Bavaria may be either light * * * or dark, as they call it * * *. Today in reality, there are both types known, and as a matter of fact, when around 1900 Bavaria was producing 80 percent dark and 20 percent light, around 1950, according to statistics, there is 90 percent light and 10 percent dark. * * * " (Record, pages 434, 435); that for the past twenty to thirty years "Bavarian" is no longer recognized as a type of beer.

Plaintiff, to support the claim that "in its area of distribution" "Bavarian" and/or "Bavarian's" has acquired a secondary significance as denoting the beer of plaintiff, offered testimony by way of a consumer survey on "Bavarian Beer" conducted by U. O. Cumming and his son, Peter M. Cumming, in Southwestern Ohio, Northern Kentucky, and Southeastern Indiana; that out of 1090 interviews 784 persons had heard of "Bavarian Beer," and knew it was made in the greater Cincinnati area, while 306 had heard of "Bavarian Beer" but did not know where it was made. This survey was received in evidence over vigorous defense objections, particularly as to the credibility of U. O. Cumming. Testimony was received from a Covington, Kentucky, tavern keeper who sold Bavarian beer for eighteen years, that when a customer asked for Bavarian beer that they only handled one Bavarian, which he knew to be the product of plaintiff. Evidence to the same effect came from two waiters, one from the Hotel Alms, Cincinnati, Ohio, and one from the Netherland Plaza Hotel, in Cincinnati, Ohio.

Evidence was also offered by plaintiff concerning its extensive advertising campaign over the period 1938 through 1955, by newspaper, radio, and particularly television after 1946, at a total cost of advertising expense $5,191,819.29, plus sales promotion expense $788,274.99, and as bearing particularly on consumer response, the barrelage sold rose from 15,-752, for eight months in 1938 to a high of 336,157 in 1950, the net sales for the period 1938 through 1955, including taxes, being $74,726,094.60. (Plaintiff's Exhibit 37)

In its case defendant offered voluminous evidence of the use of the word "Bavarian" in connection with beer and related products in the United States by domestic concerns other than the parties, approximating sixty, and also foreign concerns, approximately fifty, currently advertising and selling Bavarian beer in the United States, all supported by exhibits of labels and other advertising matter. Defendant also offered testimony by independent brewing experts, and members of the trade that "Bavarian" is the name of a well-known type of beer and has been so recognized in the United States and abroad since long prior to any use of the word "Bavarian" by plaintiff, although many of these witnesses qualified their testimony to the effect that this was so until after World War I, when the word "Bavarian" as a type of beer, was changed to Munich or Bohemian, among others.

Defendant also offered testimony that the claimed affidavits submitted by plaintiff to support its application for registration of its trademarks were not sworn to, and urged that plaintiff's registrations should be cancelled because of fraud, non-exclusive use, and absence of secondary meaning.

Plaintiff admitted that there was an irregularity in the preparation of two of the affidavits in that the Notary Public who certified them, was not present when affiants signed them; that this lapse would make the Notary Public, under the Ohio law, guilty of a misdemeanor, but would not invalidate the affidavit; and claimed there was no fraud since the statements made by affiants were true.

 From a consideration of the evidence, exhibits, and entire record, this Court finds as a matter of fact:

1. That plaintiff has failed to sustain its burden of proof that it has acquired the sole and exclusive right to the trade-mark "Bavarian" in connection with the sale of beer, and is the owner thereof.

2. Plaintiff has sustained its burden of proof that the use by plaintiff of the word "Bavarian" and/or "Bavarian's" in connection with the sale of beer, has been so long continued and so exclusive that the term "Bavarian" and/or "Bavarian's" has ceased to be geographically or otherwise descriptive of the product, and has acquired a secondary significance in plaintiff's area of distribution as denoting the beer of plaintiff.

3. That defendant has failed to sustain the burden of proof of its counterclaim seeking cancellation of plaintiff's registrations because of fraud, non-exclusive use, and absence of secondary meaning.

4. That defendant has failed to sustain the burden of proof of its counterclaim that the word "Bavarian" when used in connection with the sale of beer currently designates a kind or type of beer. The better opinion appears to be that that which was known as "Bavarian" type was changed to Munich or Bohemian at about the close of World War I.

By reason whereof this court concludes as a matter of law that plaintiff is not entitled to an injunction restraining defendant from using the word "Bavarian" in connection with the distribution and sale of beer or any related products anywhere, excepting plaintiff's present trading and distributing area of Northern Kentucky, Southeastern Indiana, and Southern Ohio.

No award of damages or attorneys' fees will be made, and each side will pay its own costs. A separate judgment entry should be prepared to carry this decision into effect, with exceptions to both parties.