**INTERNATIONAL BREWERIES, INC.,**
Plaintiff,

v.

**ANHEUSER–BUSCH, INCORPORATED,**
Defendant.

Civ. T. No. 4167.

United States District Court
M. D. Florida,
Tampa Division.
March 13, 1964.

Allen, Dell, Frank & Trinkle, Tampa, Fla., Cross, Wrock, Miller, Vieson & Kelley, Detroit, Mich., for plaintiff. Ralph C. Dell, Tampa, Fla., Richard F. Newton, Detroit, Mich., of counsel.

Smathers & Thompson, Miami, Fla., Nims, Halliday, Whitman, Howes & Collison, New York City, Gravely, Lieder & Woodruff, St. Louis, Mo., for defendant. Hervey Yancey, Miami, Fla., Dwight D. Ingamells, Thomas J. Carroll, St. Louis, Mo., of counsel.

LIEB, District Judge.

In this suit plaintiff seeks to enjoin the defendant from infringing a trademark registration issued by the United States of America under the Lanham Act of 1946 (Title 15, U.S.C.A. § 1051 et seq.) for the trademark "Bavarian's" owned by plaintiff and used by it in the sale and distribution of its beer. The defendant has denied any such infringement and by counterclaim seeks to enjoin plaintiff from committing alleged acts of unfair competition to defendant in the promotion and sale of plaintiff's beer labeled "Bavarian's Select" in areas where the name of defendant's beer labeled "Busch Bavarian" has established a secondary meaning. Determination of any questions of accounting and damages has been deferred by order of the Court until after determination of liability in the cause.

Voluminous evidence was offered by each of the parties upon the issues in-

volved. The Court, having considered such evidence and the briefs submitted by the respective counsel, now makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff, International Breweries, Inc., herein referred to as International, is a Michigan corporation, with its principal office and place of business at Detroit, Michigan, and it operates breweries in Buffalo, New York; Covington, Kentucky; Tampa, Florida; and Findlay, Ohio.

2. Defendant, Anheuser-Busch, Incorporated, herein referred to as Anheuser-Busch, is a Missouri corporation, with its principal office and place of business at St. Louis, Missouri. It also has breweries at other places: Newark, New Jersey; Los Angeles, California; and Tampa, Florida.

3. International and Anheuser-Busch are each engaged in the brewing of beer and the distribution and sale thereof in interstate commerce.

4. International brews, among others, a brand of beer called "Bavarian's Select". It is known in the trade as a popular priced beer.

5. Anheuser-Busch also brews several brands of beer: "Michelob" (a high priced premium beer), "Budweiser" (a premium priced beer), and "Busch Bavarian" (known in the trade as a popular priced beer).

6. On April 30, 1959, plaintiff purchased all of the assets of Bavarian Brewing Company, formerly of Covington, Kentucky, which assets included all trademark rights and goodwill held by that company in a Certificate of Registration No. 609,692 for the trademark "Bavarian's", which trademark was registered to the said Bavarian Brewing Company by the United States Patent Office on July 26, 1955, under the provisions of the Trademark Act of 1946 (Title 15, U.S.C.A. § 1051 et seq.) commonly known as the "Lanham Act". Plaintiff is now, and was at all times since the said purchase and assignment, the owner of the said trademark.

7. From 1946 until the said sale to plaintiff, the Bavarian Brewing Company sold in interstate and local commerce a beer marked "Bavarian's Select" beer. After the said sale, plaintiff continued the sale of the said labeled beer in local and interstate commerce. Neither of these companies made any other use of the word "Bavarian's".

8. For some years prior to 1955, Anheuser-Busch did not produce a popular priced beer. Early in that year it introduced into the trade such a beer under the name of "Busch Lager". This beer was a failure due to poor taste. Its taste was improved after some months of trial, and its name was then changed to "Busch Bavarian" upon adoption of an advertising program featuring snow scenes from the area of Bavaria in Germany.

9. In August, 1955, defendant commenced marketing its Busch Bavarian Beer in an area limited to Kansas and the western part of Missouri.

10. On September 9, 1955, Bavarian Brewing Company filed a suit against defendant in the United States District Court for the Southern District of Ohio, Western Division, as Civil Action No. 3649. In that litigation, the plaintiff, Bavarian Brewing Company, claimed that it was the owner of a common law secondary meaning trademark in the word "Bavarian" and was the owner of the registered trademark "Bavarian's". It was further claimed that defendant, by selling its Busch Bavarian beer in the Missouri-Kansas area and by threatening to expand its sale of said product into the rest of the world, infringed the rights that plaintiff had to both of said trademarks. The complaint asked for a nationwide injunction restraining defendant from using said trademarks, or any colorable imitation thereof, anywhere in the advertising or sale of its beer. Defendant, in that suit, denied that plaintiff had the exclusive right to the use of the word "Bavarian" in connection with

the sale of beer, denied that the words "Bavarian" and "Bavarian's" had ceased to be geographically or otherwise descriptive of the product or had acquired a secondary meaning, and further denied that the plaintiff's registered trademark "Bavarian's" was valid and urged that the Court cancel this registration on the ground that plaintiff had obtained it by fraud.

11. After trial of that action, the District Court, sitting at Cincinnati, Ohio, entered its opinion and findings of fact and conclusions of law on March 25, 1957, reported in Bavarian Brewing Co. v. Anheuser-Busch, D.C., 150 F.Supp. 210. In that opinion, the Court held that the plaintiff in that suit had failed to prove that it had the exclusive right to the trademark "Bavarian" but that, by reason of long continued use by plaintiff of the word "Bavarian" and the word "Bavarian's" in the sale of its beer, these words had acquired a secondary significance as denoting the beer of the plaintiff in the area confined to the northern part of the State of Kentucky, the southeastern part of the State of Indiana, and the southern part of the State of Ohio. The District Court, in its decision, also held that plaintiff's registration of its trademark "Bavarian's" was not obtained by fraud from the Patent Office and refused to cancel said registration. The Court further held in that decision that, as a matter of law, the plaintiff was not entitled to an injunction restraining defendant from using the word "Bavarian" in connection with the distribution and sale of its beer anywhere except in plaintiff's distributing area in the said three states. The Court then entered a permanent injunction restraining defendant from using the words "Bavarian" or "Bavarian's", or any colorable imitation thereof, in plaintiff's distributing area consisting of Northern Kentucky, Southeastern Indiana and Southern Ohio.

12. Both parties appealed the decision of the District Court for the Southern District of Ohio to the Court of Appeals for the Sixth Circuit. Defendant contended in its appeal, cause No. 13363, that the Court should not have granted any injunction at all, but should have cancelled the registration of the registered mark "Bavarian's". Bavarian Brewing Company contended in its appeal, cause No. 13364, that it was entitled to an injunction throughout the states of Ohio, Indiana and Kentucky, to provide for reasonable expansion of its business and that, by virtue of its Lanham Act registration of the trademark "Bavarian's", it was entitled to a nationwide injunction without limit to the area where the plaintiff was doing business.

13. On February 25, 1959, the United States Court of Appeals for the Sixth Circuit entered its decision on these appeals, which is reported in 264 F.2d 88. That Court affirmed the decree of the lower Court, accepted the findings of fact and conclusions of law of the District Judge and held specifically that, in areas where there has been no showing that plaintiff had achieved a secondary meaning for the term "Bavarian", it may be used fairly by others.

14. When International acquired the assets, including trademarks and registrations thereof, from Bavarian Brewing Company in April, 1959, it had full knowledge of all aspects of the said litigation between Bavarian Brewing Company and Anheuser-Busch in the United States District Court at Cincinnati, Ohio, and also of the final determination of such litigation by the said affirmance of said decree by the United States Court of Appeals of the Sixth Circuit.

15. International Breweries, Inc., has made no claim, nor has it submitted any evidence, that the terms "Bavarian" or "Bavarian's" or "Bavarian's Select" have acquired a secondary meaning identifying International Breweries, Inc., with these words in any of the areas in which it seeks an injunction in this case.

16. Since the acquisition of Bavarian Brewing Company and its trademarks in 1959, plaintiff has extended the sale of its "Bavarian's Select" beer into thirteen

states, including additional areas in the states of Kentucky, Ohio and Indiana.

17. Busch Bavarian beer has extended its sales during the same period, and this beer is now sold in seventeen states.

18. Busch Bavarian beer and Bavarian's Select beer are sold in competition with each other in only five states, viz., Alabama, Florida, Georgia, South Carolina and Texas. Both beers are sold in several other states but not in the same local areas.

19. Since the final termination of the litigation between plaintiff's predecessor, Bavarian Brewing Company, and defendant by the said decision of the Court of Appeals of the Sixth Circuit in 1959, defendant has spent many millions of dollars in advertising and selling its Busch Bavarian beer in areas outside the Cincinnati area involved in that suit. With full knowledge of these activities, plaintiff waited over two years before filing this suit for injunction.

20. Besides the beers involved in this suit, there have been many different beers advertised for sale on the American market having as a part of their names the word "Bavarian". As late as September 17, 1963, the United States Patent Office issued a Certificate of Registration, No. 757,013, for the trademark "Jacob Ruppert Bavarian" beer. Plaintiff filed no protest or opposition to the allowance of such trademark.

21. There is insufficient evidence to support the claim of unfair competition made in defendant's Counterclaim.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of this suit.

2. International is in privity with Bavarian Brewing Company and stands in the shoes of Bavarian Brewing Company in this litigation.

3. The equities of this cause are with the defendant, Anheuser-Busch.

4. The plaintiff has failed to establish that the registered trademark "Bavarian's" has any secondary meaning to denote the beer of Bavarian Brewing Company or International in any area of the United States other than Southeastern Indiana, Southern Ohio and Northern Kentucky.

5. The issue as to whether Anheuser-Busch is entitled to use the name "Busch Bavarian" for its beer in any area in the United States in which "Bavarian's" has not acquired a secondary meaning was settled in favor of Anheuser-Busch by the judgments of the District Court for the Southern District of Ohio in cause No. 3649 and of the United States Court of Appeals for the Sixth Circuit in causes No. 13363 and No. 13364, and such judgments are res judicata on said issue.

6. In any area of the United States in which "Bavarian's" has not acquired a secondary meaning to denote the beer of Bavarian Brewing Company or International, the plaintiff, International Breweries, Inc., is barred by the judgments entered by the District Court for the Southern District of Ohio in cause No. 3649 and by the United States Court of Appeals for the Sixth Circuit in causes No. 13363 and No. 13364 from claiming that "Busch Bavarian", used by Anheuser-Busch, Incorporated, to denote its beer, infringes the trademark "Bavarian's".

7. "Busch Bavarian", as used by Anheuser-Busch in areas outside of Southeastern Indiana, Southern Ohio and Northeastern Kentucky, does not infringe "Bavarian's" or "Bavarian's Select" as used by International.

8. Plaintiff International Breweries, Inc., is not entitled to an injunction or any other relief prayed for in the Amended Complaint in this cause and the same should be dismissed.

9. Defendant Anheuser-Busch, Incorporated, is not entitled to any relief on its Counterclaim and the same should be dismissed.

An appropriate decree in conformance with these Findings of Fact and Conclusions of Law will be entered by the Court.