**INTERNATIONAL BREWERIES, INC.,**
Appellant,

v.

**ANHEUSER–BUSCH, INCORPORATED,**
Appellee.

No. 21966.

United States Court of Appeals
Fifth Circuit.

Aug. 3, 1966.

Rehearing Denied Oct. 5, 1966.

William Dowdell Denson (Lead counsel), of Morgan, Finnegan, Durham & Pine, New York City, Ralph C. Dell, Tampa, Fla., for appellant.

Hervey Yancey, Miami, Fla., Walter J. Halliday, New York City, Roy A. Lieder, Dwight D. Ingamells, Thos. J. Carroll, St. Louis, Mo., Nims, Halliday, Whitman, Howes & Collison, New York City, Gravely, Lieder & Woodruff, St. Louis, Mo., Smathers & Thompson, Miami, Fla., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

COX, District Judge.

This was a suit for injunctive relief throughout states now served by appellant and for damages, which were denied, for the alleged infringement of a statutory trademark owned by appellant, consisting of the word "Bavarian's" and bearing No. 609692 on the principal register in the United States Patent Office. The registration was granted for beer of a legal alcoholic content in Class 48.[1]

The parties own and operate competing breweries in Florida and compete in Florida, Alabama, Georgia, South Carolina and Texas in the south in marketing a popular price beer. Appellant labels its product "Bavarian's Select Beer." The appellee's product is labeled "Busch Bavarian Beer—Product of U.S.A."[2] The appellant complains in this suit of appellee's use of "Bavarian" on its label and contends that such practice infringes its trademark "Bavarian's."

The disposition of this controversy was foreshadowed by prior litigation between the Bavarian Brewing Company, Inc., (former owner of the trademark "Bavarian's") in 1955 in the United States District Court in Ohio[3] resulting in an injunction in that case against appellee restraining its use of the word "Bavarian" or "Bavarian's" on its beer sold in Northern Kentucky, Southeastern Indiana and Southern Ohio (designated as the Cincinnati area) by reason of the long established significance of those words to the beer trade in that area as designating the popular priced beer of Bavarian Brewing Company, Inc. That decision of the Federal District Court was affirmed by the United States Court of Appeals for the Sixth Circuit in 1959.[4] On April 30, 1959, appellant acquired all of the assets of the Bavarian Brewing Company, Inc., by purchase after the Ohio litigation and with full knowledge thereof. Appellant is fully recognized as a privy to that litigation. There is much dispute before this Court as to just what was ultimately said and done by the Court in that Ohio case. Many cases are cited and many contentions emerge from both sides concerning the result of that Ohio litigation and its asserted effect on this suit. The trial court in a carefully prepared finding of facts and conclusions of law denied all relief to both parties in this case.[5] It denied relief to appellant because the questions presented had been litigated and decided adversely to appellant's predecessor as then owner of such trademark; and because appellant did not show that its trademark had any secondary meaning to the trade *outside* Northern Kentucky, Southeastern Indiana and Southern Ohio and within its subject trade area in said five southern

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

1. This trademark was granted Bavarian Brewing Company and registered under the Lanham Act, appearing as Title 15 U.S.C. 1958 ed. § 1051 et seq.

2. Facsimiles of these labels which appear on their respective containers of beer appear in the Appendix of this opinion for specifity.

3. Bavarian Brewing Company, Inc. v. Anheuser-Busch, Inc., 150 F.Supp. 210.

4. Anheuser-Busch, Inc. v. Bavarian Brewing Company (6CA) 264 F.2d 88.

5. International Breweries, Inc. v. Anheuser-Busch, Inc., D.C., 230 F.Supp. 662.

states. The appellee filed a counter claim and sought cancellation of appellant's trademark as having been fraudulently procured and to enjoin further litigation with it over the word "Bavarian." There was no appeal from a dismissal of such counter claim.

Among other things, the trial court in this case found: "International Breweries, Inc., has made no claim, nor has it submitted any evidence, that the terms 'Bavarian' or 'Bavarian's' or 'Bavarian's Select' have acquired a secondary meaning identifying International Breweries, Inc., with these words in any of the areas in which it seeks an injunction in this case." It concluded, among other things, by holding: " 'Busch Bavarian,' as used by Anheuser-Busch in areas outside of Southeastern Indiana, Southern Ohio and Northeastern (sic) Kentucky, does not infringe 'Bavarian's' or 'Bavarian's Select' as used by International." The trial court held that the Ohio litigation foreshadowed this controversy and in the main barred it, applying the doctrine of res judicata thereto. It must be borne in mind that we are not concerned and cannot be concerned with the type of judgment which might have been entered by this Court if the Ohio case had arisen in this Circuit initially. This Court is called upon now to determine the rights of these parties in the light of what the Ohio District Court and the Sixth Circuit acted upon, said and did and declined to do in that Ohio case, as presented. We cannot be concerned with how appellant would have presented its claim in the Ohio case had it, and not its predecessor, then been a party to that suit. The record shows, as the trial court in this case found, that Bavarian Brewing Company, Inc., sought and continued to press for injunctive relief against appellee's use of the Busch Bavarian beer mark in every state in the American Union and that such relief was denied, except as limited to Northern Kentucky, Southeastern Indiana and Southern Ohio. It was expressly adjudicated in that case that the word "Ba-

varian" did not belong to the Bavarian Brewing Company, Inc., but that it was a word in common use with only a territorial significance. It is significant in the connection that many foreign and domestic concerns manufacture and sell beer under a label containing the word "Bavarian." Florida issued a trademark to appellant registering the word "Bavarian's" in June 1960 and asserted its first use in the state on March 18, 1959. But the label here is not just "Bavarian," the appellee markets its products as *Busch Bavarian* beer. The word "Busch" is a registered trademark of the appellee as it appears on the principal register in the United States Patent Office. The record in this case is quite large. It would avail nothing to extend this opinion with excerpts from the Ohio case. It suffices to say that the United States District Court in Ohio in that case instituted there in 1955 and finally concluded in 1959, did have before it and did refuse or decline a request then from Bavarian Brewing Company, Inc., to enjoin the appellee here from using the word "Bavarian" on its beer labels anywhere in the United States; and that request was refused or denied with finality, excepting only in the Cincinnati area where a secondary meaning was shown to exist as indicating Bavarian Brewing Company, Inc., as the manufacturer of all beer bearing such a label. The plaintiff in that Ohio case contended that it owned a common law trademark on the word "Bavarian" and that it had a Lanham Act registered trademark in the word "Bavarian's" which it was entitled to have protected at that time, nation wide. The Ohio Court did not make such adjudication on the ground of prematurity of action, but made it as an adjudication on the merits and with no reservation or exception for future claim or litigation. It was thus effectively a declaratory judgment which afforded Bavarian Brewing Company, Inc., absolute protection against appellee's use of its identifying mark (Busch Bavarian) in the Cincinnati area, but denied it such protection everywhere outside that area, unless it were shown that the trademark

"Bavarian's" had acquired a secondary significance in a trade area so that the use of such mark would likely confuse the buying public as to the source of beer being marketed in such area as "Bavarian's Select" beer. It is no answer to the situation now to say that the owner of a statutory trademark cannot have it protected in an area in which it does not operate. Nor may it be said that appellant as the present owner of that trademark ("Bavarian's") may litigate those questions anew with appellee and have applied to its claim now the test which would be applied thereto as an initial case. Consequently, we are not confronted here with a case where the trial court should have applied the rule as to "the likelihood of the use of the word" causing some confusion about the trade as to the source of the product.[6] The appellee entered Florida and opened a brewery in Tampa in 1958 and spent many millions of dollars developing its popular priced beer, advertising its product extensively on all news media, and it is not surprising that the trial court was told that a substantial percentage of persons interviewed on a poll when shown a container of appellant's beer with is Bavarian Select beer label thereon, said that it came from appellee's plant. If polls are evidence, as distinguished from mere indications to be cautiously weighed and considered by the fact finder, it does not show or prove that appellee was infringing on appellant's trademark by its operations. The experienced trial court was not so impressed. What the Court did and what it refused or declined to do in the Ohio case weighs heavily in the scales in favor of appellee in determining its good faith in developing and marketing of its popular priced beer by spending a vast sum of money, pursuant to the determination of the Court in the Ohio case. There is abundant evidence in this record to support the trial court's view that the equities in this case favored the appellee.

■■ It may not be gainsaid on this record that the appellant seeks to litigate anew the question of appellee's vested right to use the words "Busch Bavarian" on the label of its popular priced beer anywhere outside the Cincinnati area where a secondary meaning is not shown to have attached to the statutory trademark word "Bavarian's." The trial court said that no such meaning had attached in that trade area. There must be an end to litigation and courts look with great disfavor upon any attempt to subvert such rule. This claim is not identical with that before the Court in the Ohio case, but that Court settled for all times for those parties and their privies the rights of the parties in and outside the Cincinnati area by the action of the Court and its determination made thereon. The appellant is thus estopped by the judgment in the Ohio case to try that case again.[7] The trial court properly so held, although the rule applied was mistakenly characterized as res judicata, instead of estoppel by judgment as the more precise principle involved and applied. The record here includes a container of the beer of each of the parties with the respective labels thereon. This Court sees no similarity in the packaging or appearance of the product, and from its own visual inspection of the products determines that there is no likelihood that appellee's mere use of the word "Busch Bavarian" beer is likely to cause confusion as to the source or origin of appellant's competing "Bavarian's Select" beer.

---

6. American Foods, Inc. v. Golden Flake, Inc., (5CA) 312 F.2d 619; Title 15 U.S.C., 1958 Edition, § 1114(1).

7. Cromwell v. County of Sac., 94 U.S. 351, 24 L.Ed. 195; Russell, Appt. v. Place, et al., 94 U.S. 606, 24 L.Ed. 214; American Trust Co. v. Butler, (5CCA) 47 F.2d 482; Seaboard Air Line Railroad Company v. George F. McCourt Trucking Inc., (5CA) 277 F.2d 593; Alexander & Alexander v. Commissioner of Internal Revenue, (5CA) 224 F.2d 788; Louisiana-Mississippi Pipeline Const. Corp. v. Thornton, (5CA) 213 F.2d 388; Hyman v. Regenstein, (5CA) 258 F.2d 502.

It is the judgment of the Court that there is no substantial error in the judgment of the trial court in this case and its judgment is affirmed.

## APPENDIX